Scott Edward Cole, Esq. (S.B. # 160744)
Corey B. Bennett, Esq. (S.B. #267816)
Mark G. Griffin, Esq. (S.B. #314958)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
E-mail:scole@scalaw.com
E-mail:cbennett@scalaw.com
E-mail: mgriffin@scalaw.com
Web:   www.scalaw.com

Attorneys for Representative Plaintiffs
and the Plaintiff Classes

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WADLER, GERALD SPRINGER, TROY WILLIS, and KEITH TYNER, individually, and on behalf of all others similarly situated, | Case No. |
| Plaintiffs, | **CLASS/COLLECTIVE ACTION** |
| vs. | **COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |
| CUSTARD INSURANCE ADJUSTERS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

Representative Plaintiffs allege as follows:

## PRELIMINARY STATEMENT

1.      This is a class/collective action, brought on behalf of Perry Wadler, Gerald Springer, Troy Willis, and Keith Tyner (hereinafter "Representative Plaintiffs") and all other persons similarly situated ("Class Members") who are or were employed as exempt insurance adjusters by defendant Custard Insurance Adjusters, Inc. (hereinafter "Defendant" and/or "Custard") in the United States and, with regard to particular claims herein, the State of California, within the applicable class periods.

2.    Representative Plaintiffs, on behalf of themselves and the Class Members, seek unpaid wages, including unpaid overtime compensation and interest thereon, unpaid flat-rate tasks and interest thereon, unpaid drive-time and/or unreimbursed mileage and interest thereon, compensation for missed meal and rest periods, interest thereon and other penalties, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, Title 8 of the California Code of Regulations, California Business and Professions Code §§ 17200, *et seq.*, California Code of Civil Procedure §1021.5 and various provisions of the California Labor Code, and the Fair Labor Standards Act ("FLSA"), codified in 29 U.S.C. § 201, *et seq.*

3.    Representative Plaintiffs bring this action on behalf of themselves and all other persons similarly situated (hereinafter referred to as the "Class Members," the "Plaintiff Class" and/or, more specifically, the "FLSA Class" or the "California Class") who are, or have been, employed by the Defendant as insurance adjusters within the applicable statutory periods.

4.    The "FLSA Class Period" is designated as the time from October 4, 2014 through the trial date, based upon the allegation that the violations of the FLSA, as described more fully below, have been willful and ongoing since, at least, this date. During this class period, Custard has had a consistent policy of permitting, encouraging, and/or requiring its allegedly-overtime-exempt insurance adjusters to work in excess of forty hours per week without paying them overtime compensation as required by the FLSA. The "California Class Period" is designated as the time from October 4, 2013 through the date of trial or settlement, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing throughout that period.

5.    During the Class Periods, Custard has had a consistent policy of (1) permitting, encouraging and/or requiring its allegedly overtime-exempt salaried and commission-based insurance adjusters, including the Representative Plaintiffs and members of both Classes, to work in excess of eight hours per day and/or in excess of forty hours per week without paying them overtime compensation as required by the FLSA and California's wage and hour laws, (2) unlawfully failing to provide the Representative Plaintiffs and the California Class Members statutorily-mandated meal

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  and rest periods, (3) unlawfully failing to compensate Representative Plaintiffs and the California

2  Class Members for all wages, including drive-time and/or mileage, time spent "on-call," and flat-rate

3  tasks, (4) willfully failing to provide the Representative Plaintiffs and the California Class Members

4  with accurate semi-monthly itemized wage statements reflecting the total number of hours each

5  worked, the applicable deductions, and the applicable hourly rates in effect during the pay period;

6  and (5) unlawfully failing to pay all wages upon termination.

7

8  **INTRODUCTION**

9      6.     The Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*),

10  provides for minimum standards for both wages and overtime entitlement, and details administrative

11  procedures by which covered work time must be compensated.  The enactment of the provisions of

12  the FLSA provide the Federal Courts with substantial authority to stamp out abuses of child labor,

13  equal pay, portal-to-portal activities as well as the overtime pay violations detailed in this Complaint.

14      7.     According to Congressional findings, the existence of labor conditions detrimental to

15  the maintenance of the minimum standard of living engenders unfair commercial competition, labor

16  disputes, barriers to commerce and the free flow of goods in commerce, and interferes with the

17  orderly and fair marketing of goods.

18      8.     California's Labor Code and Industrial Welfare Commission Wage Orders provide

19  even more expansive protection to hourly workers, including, but not necessarily limited to,

20  entitlements to overtime pay and work performed beyond eight hours per day, and substantial

21  remedies for the denial of rest and meal periods.

22      9.     Both Federal and California studies have linked long work hours to increased rates of

23  accident and injury and a loss of family cohesion when either or both parents are kept away from

24  home for extended periods of time, on either a daily or weekly basis.

25      10.    Defendant is a multi-line loss adjusting company that provides claims and risk

26  management services to clients.  Representative Plaintiffs are informed and believe and, based

27  thereon, allege that, within the Class Periods, Defendant has operated throughout the United States.

28  In so doing, Defendant has hundreds, if not thousands, of individuals in recent years alone in

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    allegedly-overtime-exempt insurance adjusters' positions, employment positions which have not,

2    and currently do not, meet any test for exemption from the payment of overtime wages and/or the

3    entitlement to meal or rest periods.

4        11.    Despite actual knowledge of these facts and legal mandates, Custard has and

5    continues to enjoy an unfair advantage over its competition and a resultant disadvantage to its

6    workers by electing not to pay overtime, meal and/or rest period wages, and/or "penalty" (a.k.a.

7    "waiting time") wages to its insurance adjusters.

8        12.    Representative Plaintiffs are informed and believe and, based thereon, allege that

9    officers of Custard knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized

10   and/or ratified the violation of the laws cited herein.

11       13.    Despite Custard's knowledge of Class Members' entitlement to overtime pay and/or

12   meal and/or rest periods for all applicable work periods, Custard failed to provide same to the Class

13   Members, in violation of the FLSA and/or California statutes, the applicable California Industrial

14   Welfare Commission Wage Order, and Title 8 of the California Code of Regulations. This action is

15   brought to redress and end this long-time pattern of unlawful conduct.

16

17   **JURISDICTION AND VENUE**

18       14.    This Court has jurisdiction over the Representative Plaintiffs' and Class Members'

19   claims for unpaid wages and/or penalties under, *inter alia*, the Fair Labor Standards Act of 1938

20   ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (including 29 U.S.C §§ 206, 207, 216 and 217), the applicable

21   California Industrial Welfare Commission Wage Order, Title 8 of the California Code of

22   Regulations, California Labor Code §§ 201-204, 226.7, 406, 510, 512, 558, 1194, 1198, 2802, and

23   California Code of Civil Procedure § 1021.5.

24       15.    This Court also has jurisdiction over Representative Plaintiffs' and the California

25   Class Members' (as defined below) claims for injunctive relief and restitution of ill-gotten benefits

26   arising from Custard's unfair and/or fraudulent business practices under California Business &

27   Professions Code §§ 17200, *et seq.*

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

16.     Venue as to Defendant is proper in this judicial district, pursuant to 28 U.S.C. § 1391. Defendant does business in the Northern District of California and transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process.  The unlawful acts alleged herein have a direct effect on the Representative Plaintiffs and those similarly situated within this judicial district. Custard operates facilities and has employed Class Members in this judicial district as well as throughout the State of California and the United States.

## PLAINTIFFS

17.     Representative Plaintiff Perry Wadler is a natural person who was employed by Custard as an allegedly-overtime-exempt insurance adjuster during the FLSA and California Class Periods at the Custard office in Hayward, California.

18.     Representative Plaintiff Gerald Springer is a natural person who was employed by Custard as an allegedly-overtime-exempt insurance adjuster during the FLSA Class Period at the Custard office in Citrus Heights, California.

19.     Representative Plaintiff Troy Willis is a natural person who was employed by Custard as an allegedly-overtime-exempt salaried insurance adjuster during the FLSA and California Class Periods at a retail location in Oakland, California.

20.     Representative Plaintiff Keith Tyner is a natural person who was employed by Custard as an allegedly-overtime-exempt salaried insurance adjuster during the FLSA and California Class Periods at the Custard office in San Jose, California.

21.     In said positions, Representative Plaintiffs were repeatedly paid a substandard wage insofar as they were denied full pay for all hours worked, including overtime pay. Moreover, Representative Plaintiffs Perry Wadler, Gerald Springer, Troy Willis, and Keith Tyner were frequently permitted to work, and did work during the California Class Period, shifts exceeding four hours or a major fraction thereof (of at least three and one-half hours) without being afforded net ten-minute rest periods and without being provided mandatory meal periods.  Representative Plaintiffs are informed and believe, and based thereon, allege that this conduct of Custard is/was commonplace at every location owned and operated thereby.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

22. As used throughout this Complaint, the terms "Class Members" and/or "Plaintiff Class" or "Plaintiff Classes" refer to the named plaintiffs herein as well as each and every person eligible for membership in the Plaintiff Class(es), as further described and defined below.

23. At all times herein relevant, the Representative Plaintiffs were, and now are, persons within the Class or Classes of persons further described and defined herein.

## DEFENDANTS

24. Representative Plaintiffs are informed and believe and, based thereon, allege that at all relevant times herein, defendant Custard Insurance Adjusters, Inc. was, and is, an Indiana corporation with its principal place of business in Atlanta, Georgia. It claims to be one of the largest independent loss adjusting companies in the United States and has several branch offices in the State of California.

25. Representative Plaintiffs are informed and believe and, on that basis, allege that Defendant has, and does, directly and/or indirectly employed and/or exercised control over the wages, hours and working conditions of the Representative Plaintiffs and the Class Members.

## CLASS ACTION ALLEGATIONS

26. Representative Plaintiffs bring this action individually and as a class/collective action on behalf of all persons similarly situated and proximately damaged by Custard's conduct, including, but not necessarily limited to, the following Plaintiff Classes:

**FLSA Class:**
All persons who were employed as overtime-exempt insurance adjusters by Defendant in one or more of its Custard branch office locations in the United States at any time on or after October 4, 2014.

**California Class:**
All persons who were employed as overtime-exempt insurance adjusters by Defendant in one or more of its Custard branch office locations in California at any time on or after October, 4, 2013.

27. Defendant, its officers and directors are excluded from each of these Classes.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

28.    This action has been brought and may properly be maintained as a class action under the Federal Rules of Civil Procedure ("FRCP") Rule 23 and as a collective action pursuant to 29 U.S.C. § 216 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable:

a.    <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members exceeds hundreds of individuals. Membership in the Plaintiff Classes will be determined upon analysis of employee and payroll, among other, records maintained by Defendant.

b.    <u>Commonality</u>: The Representative Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class and/or collective action certification is proper under FRCP Rule 23(b)(3) and 29 U.S.C. § 216(b). These common questions include, but are not necessarily limited to:

1)    Whether Custard violated IWC Wage Order and/or California Labor Code § 510 by failing to pay overtime compensation to its California insurance adjusters who worked in excess of forty hours per week and/or eight hours per day;

2)    Whether Custard violated California Business and Professions Code §§ 17200, *et seq.* by failing to pay overtime compensation to its California insurance adjusters who worked in excess of forty hours per week and/or eight hours per day;

3)    Whether Custard violated IWC Wage Order and/or California Labor Code §§ 226.7 and 512 by failing to provide meal and/or rest breaks to its California insurance adjusters who were unlawfully misclassified as exempt and required to remain on-call during breaks;

4)    Whether Custard violated California Labor Code §§ 406 and 2802 by failing to reimburse its California insurance adjusters for expenses incurred related to the business operations of Defendant;

5)    Whether Custard violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

6)    Whether Custard violated California Labor Code §§ 201-204 by failing to pay overtime wages due and owing at the time that certain California Class Members' employment with Defendant terminated;

7)    Whether Custard violated California Labor Code § 226 by failing to provide the semimonthly itemized statements to California Class Members of total

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    hours worked by each and all applicable hourly rates in effect during the pay period;

2    8)    Whether California Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code § 203; and

3

4    9)    Whether Defendant violated the FLSA by failing to pay overtime compensation to Custard insurance adjusters who worked in excess of forty hours per week.

5

6    10)    Whether Defendant violated the FLSA by failing to pay minimum wage compensation to Custard insurance adjusters who were paid below the federal minimum wage of $7.25.

7

8

9    c.    Typicality: The Representative Plaintiffs' claims are typical of the claims of the Plaintiff Classes. The Representative Plaintiffs and all members of the Plaintiff Classes sustained injuries and damages arising out of and caused by Custard's common course of conduct in violation of state and federal law, as alleged herein.

10

11    d.    Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make, it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. Moreover, the Representative Plaintiffs are informed and believe, and based thereon allege, that Defendant, in refusing to pay overtime to the Class Members, has acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of the class. Consequently, class and/or collective action certification is proper under FRCP Rule 23(b)(2) and 29 U.S.C. § 216(b).

12

13

14

15

16

17

18

19

20    e.    Adequacy of Representation: The Representative Plaintiffs in this class action are adequate representatives of the Plaintiff Class, in that the Representative Plaintiffs' claims are typical of those of the Plaintiff Classes, as further defined herein and the Representative Plaintiffs have the same interests in the litigation of this case as the Class Members. The Representative Plaintiffs are committed to vigorous prosecution of this case, and have retained competent counsel, experienced in litigation of this nature. The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to the Classes, in their aggregate. The Representative Plaintiffs anticipate no management difficulties in this litigation.

21

22

23

24

25    **COMMON FACTUAL ALLEGATIONS**

26

27    29.    As described herein, for years, Custard has knowingly failed to adequately

28    compensate those employees within the classes identified above for all wages earned (including

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

overtime wages and/or compensation for missed meal and/or rest periods and/or flat-rate tasks) under the FLSA, California Labor Code and the applicable IWC Wage Order, thereby enjoying a significant and unfair competitive edge over other retailers.

30.     Custard required Class Members to incur expenses related to its business operations, including, but not limited to, automobile mileage. These expenditures were incurred in direct consequence of the discharge of Class Members' duties and have not been reimbursed, in violation of California Labor Code §§ 406 and 2802.

31.     Custard has declined to pay these wages, even upon a California Class Member's termination or resignation from employment, in blatant violation of California Labor Code §§ 201 and/or 202.

32.     California Labor Code §§ 201 and 202 require Defendant to pay severed employees all wages due and owed to the employee immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code § 203 provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, and the payment of such penalty shall continue for a period of time up to thirty days.

33.     As a consequence of Defendant's willful conduct in not paying former employees compensation for all hours worked in a prompt and timely manner, Representative Plaintiffs Perry Wadler, Gerald Springer, Troy Willis, and Keith Tyner, and certain California Class Members are entitled to up to thirty days wages as a penalty under California Labor Code § 203, together with attorneys' fees and costs.

34.     Furthermore, despite its knowledge of Representative Plaintiffs Perry Wadler, Gerald Springer, Troy Willis, and Keith Tyner and the California Class Members' entitlement to compensation for all hours worked, Defendant violated California Labor Code §1174(d) (as well as the FLSA) by failing to provide or require the use, maintenance, or submission of time records by members of the California Class. Custard also failed to provide Representative Plaintiffs Perry Wadler, Gerald Springer, Troy Willis, and Keith Tyner, and California Class Members with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

hourly rates in effect, during the pay period, in violation of California Labor Code § 226. In failing to provide the required documents, Defendant has not only failed to pay its workers the full amount of compensation due but the company has also, until now, effectively shielded itself from its employees' scrutiny by concealing the magnitude and financial impact of its wrongdoing that such documents might otherwise have led workers to discover.

35.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs and Class Members have sustained damages, as described above, including compensation for loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs Perry Wadler, Gerald Springer, Troy Willis, and Keith Tyner, and certain California Class Members are entitled to recover "waiting time" penalties (pursuant to California Labor Code § 203) and penalties for failure to provide semimonthly statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs and members of both Classes are also entitled to recover costs and attorneys' fees pursuant to 29 U.S.C. §216(b), California Labor Code § 1194 and/or California Civil Code § 1021.5, among other authorities.

36.    Representative Plaintiffs seek injunctive relief prohibiting Defendant from engaging in the complained-of illegal labor acts and practices in the future. Representative Plaintiffs also seek restitution of costs incurred by Representative Plaintiffs Perry Wadler, Gerald Springer, Troy Willis, and Keith Tyner, and the California Class Members under California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will continue unchecked, while Representative Plaintiffs Perry Wadler, Gerald Springer, Troy Willis, and Keith Tyner, and California Class Members bear the financial brunt of Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs Perry Wadler, Gerald Springer, Troy Willis, and Keith Tyner, and the California Class are also entitled to recover costs and attorneys' fees, pursuant to statute.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT – OVERTIME CLAIM**
**(29 U.S.C. § 207)**
**(FLSA Class Only)**

37.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

38.     The FLSA regulates, among other things, the payment of overtime wages by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined under 29 U.S.C. § 207(a)(1).

39.     Representative Plaintiffs are informed and believe, and thereon allege, that Custard has required, or requires, the FLSA Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. §207(a)(1). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

40.     Defendant is, and was, subject to the overtime pay requirements of the FLSA, because it is an enterprise engaged in commerce and its employees are engaged in commerce.

41.     Defendant is, and was, subject to this requirement to pay its insurance adjusters one and one-half times its employees' regular rate of pay for all hours worked in a workweek in excess of forty (40) hours.

42.     Defendant violated the FLSA by paying its insurance adjusters a fixed salary and/or commission-based compensation without regard to the number of hours worked in excess of forty (40) hours in a workweek.

43.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under Section 7(a)(1) of the FLSA. The exemptions include employees who are paid on a salary basis and are employed in a bona fide executive, administrative or professional exemption and employees employed in the capacity of "outside

salesman." 29 U.S.C. § 213 (a)(1). In addition, the exemption provided under Section 7(i) of the FLSA, for employees in a retail or service establishment where the employees are paid more than half of their compensation in the form of commissions, also does not apply. None of the FLSA exemptions apply to insurance adjusters. Accordingly, insurance adjusters must be paid overtime pay in accordance with Section 7 of the FLSA.

44.     Representative Plaintiffs are informed and believe, and based thereon, allege that Custard has required and/or requires the FLSA Class Members, as part of their employment, to work without compensation for all hours worked, to work beyond forty hours per week without the payment of overtime compensation therefor and/or to work at a wage less than the minimum wage, pursuant to, *inter alia,* 29 U.S.C. §§ 206 and 207(a)(1).

45.     Indeed, in the performance of their duties for Defendant, the FLSA Class Members often did work over forty hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendant, as required by the FLSA. The precise number of unpaid overtime hours will be proven at trial.

46.     Representative Plaintiffs propose to undertake appropriate proceedings to have the FLSA Class Members aggrieved by Defendant's unlawful conduct notified of the pendency of this action and given the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

47.     Defendant's violations of the FLSA were willful and are ongoing.

48.     As a result of the foregoing, Representative Plaintiffs seek judgment against Defendant on their own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including overtime wages owed by Defendant to the Representative Plaintiffs and Class Members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, *inter alia,* 29 U.S.C.§ 216(b).

//
//

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

### SECOND CLAIM FOR RELIEF
### VIOLATION OF THE FAIR LABOR STANDARDS ACT – MINIMUM WAGE CLAIM
### (29 U.S.C. § 206)
### (FLSA Class Only)

49.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

50.     The FLSA requires employers, such as Defendant, to pay employees the minimum wage for all hours worked.

51.     At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under FLSA. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

52.     During the applicable statute of limitations, Defendant has failed to pay Representative Plaintiffs and FLSA Class Members the federally mandated minimum wage for all hours worked.

53.     Representative Plaintiffs and the FLSA Class Members do not or did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

54.     The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55.     Representative Plaintiffs, on behalf of themselves and the FLSA Class Members, seek damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

56.     Representative Plaintiffs, on behalf of themselves and the FLSA Class Members, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

//

//

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

### THIRD CLAIM FOR RELIEF
### UNLAWFUL FAILURE TO PAY OVERTIME WAGES
### (Violation of California Labor Code §§ 510, 1194, and 1198
### and the Applicable California Wage Order)
### (California Class Only)

57.    Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

58.    Representative Plaintiffs allege, on the basis of information and belief, that Defendant at all offices throughout the State of California, has improperly classified Representative Plaintiffs and the California Class Members as exempt from overtime pay.

59.    During the Class Period, Representative Plaintiffs and the California Class Members worked, on many occasions, in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of overtime hours will be proven at trial.

60.    During the Class Period, Defendant refused to compensate Representative Plaintiffs and the California Class Members for all of the overtime wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

61.    Moreover, during said time period, many of the California Class Members herein were employed by and thereafter terminated or resigned from their positions with Custard, including Representative Plaintiff Keith Tyner, yet were not paid all wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Custard.

62.    At all relevant times, Defendant was aware of, and was under a duty to comply with, the overtime provisions of the California Labor Code including, but not limited to, California Labor Code §§ 510, 1194, and 1198.

63.    California Labor Code § 510(a), in pertinent part, provides:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee

64.    California Labor Code § 1194(a), in pertinent part, provides:

1    Notwithstanding any agreement to work for a lesser wage, any
     employee receiving less than the legal minimum wage or the legal
2    overtime compensation applicable to the employee is entitled to
     recover in a civil action the unpaid balance of the full amount of this
3    minimum wage or overtime compensation, including interest thereon,
     reasonable attorneys' fees, and costs of suit.

4    65.    California Labor Code § 1198, in pertinent part, provides:

5
     The maximum hours of work and the standard conditions of labor
6    fixed by the commission shall be the maximum hours of work and the
     standard conditions of labor for employees. The employment of any
7    employee for longer hours than those fixed by the order or under
     conditions of labor prohibited by the order is unlawful.
8

9    66.    By refusing to compensate Representative Plaintiffs and California Class Members

10   for overtime wages earned, Defendant violated those California Labor Code provisions cited herein

11   as well as the applicable IWC Wage Order(s).

12   67.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,

13   Representative Plaintiffs and the California Class Members have sustained damages, including loss

14   of earnings for hours of overtime worked on behalf of Custard, in an amount to be established at

15   trial, and are entitled to recover attorneys' fees and costs of suit.

16   **FOURTH CLAIM FOR RELIEF**
     **FAILURE TO PAY MINIMUM WAGE**
17   **(California Labor Code §§ 1194.2, 1197, 1197.1)**
     **(California Class Only)**
18

19   68.    Representative Plaintiffs incorporate in this cause of action each and every allegation

20   of the preceding paragraphs, with the same force and effect as though fully set forth herein.

21   69.    At all relevant times, Representative Plaintiffs and California Class Members were

22   Custard employees covered by Labor Code Section 1197 and therefore entitled to minimum wages

23   for all time deemed compensable "hours worked," including time spent taking rest periods.

24   70.    Defendant failed to pay Representative Plaintiffs and California Class Members all

25   the minimum wages owed to them for all their time deemed compensable "hours worked."

26   Representative Plaintiffs are informed and believe and thereon allege that, at all relevant times,

27   Custard had a policy or practice of paying California Class Members wages less than those required

28   by law.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    71.    As a result of Defendant's unlawful conduct, Representative Plaintiffs and California

2    Class Members have suffered damages in an amount, subject to proof, to the extent they were not

3    paid all the minimum wages owed to them.

4    72.    Pursuant to Labor Code Section 1194, Representative Plaintiffs and California Class

5    Members are entitled to recover the full amount of their unpaid minimum wages, interest thereon,

6    reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 1194.2, they are also

7    entitled to recover liquidated damages in an amount equal to the amount of unpaid minimum wages

8    and interest thereon.

9    **FIFTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
10    **(California Labor Code §§ 226.7, 512, and §§ 11, 12 of the**
**Applicable California Wage Order)**
11    **(California Class Only)**

13    73.    Representative Plaintiffs incorporate in this cause of action each and every allegation

14    of the preceding paragraphs, with the same force and effect as though fully set forth herein.

15    74.    At all relevant times, Custard was aware of and was under a duty to comply with

16    California Labor Code §§ 226.7 and 512.

17    75.    California Labor Code § 226.7 provides:

18    No employer shall require any employee to work during any meal or
rest period mandated by an applicable order of the Industrial Welfare
19    Commission. If an employer fails to provide an employee a meal
period or rest period in accordance with an applicable order of the
20    Industrial Welfare Commission, the employer shall pay the employee
one additional hour of pay at the employee's regular rate of
21    compensation for each work day that the meal or rest period is not
provided.

22    76.    Moreover, California Labor Code § 512(a) provides:

23
24    An employer may not employ an employee for a work period of more
than five hours per day without providing the employee with a meal
25    period of not less than 30 minutes, except that if the total work period
per day of the employee is no more than six hours, the meal period
26    may be waived by mutual consent of both the employer and
employee. An employer may not employ an employee for a work
27    period of more than 10 hours per day without providing the employee
with a second meal period of not less than 30 minutes, except that if
the total hours worked is no more than 12 hours, the second meal
28    period may be waived by mutual consent of the employer and the
employee only if the first meal period was not waived.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

77.    Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified) employees.

78.    Section 11 of the applicable IWC Wage Order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes...(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

79.    Moreover, Section 12 of the applicable IWC Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof....(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

80.    By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to Representative Plaintiffs and the California Class Members, Defendant violated the California Labor Code and applicable IWC Wage Order provisions.

81.    Representative Plaintiffs are informed and believe and, on that basis, allege that Defendant has never paid the one hour of compensation to Representative Plaintiffs or any California Class Members due to its violations of the California Labor Code and applicable IWC Wage Order provisions.

82.    As a direct and proximate result of Custard's unlawful conduct, as set forth herein, Representative Plaintiffs and California Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

83.    As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs and certain California Class Members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as recovery of attorneys' fees and costs, pursuant to statute.

**SIXTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(California Labor Code §§ 226 and 1174)**
**(California Class Only)**

84.    Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

85.    California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

86.    Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

87.    Finally, California Labor Code § 1174(d) provides:

> Every person employing labor in this state shall. . . [k]eep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

88.    Representative Plaintiffs seek to recover actual damages, costs, and attorneys' fees under these provisions on behalf of themselves and on behalf of all California Class Members.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

89.     Defendant has failed to provide timely, accurate itemized wage statements to Representative Plaintiffs and California Class Members in accordance with Labor Code § 226. Representative Plaintiffs are informed and believe and, on that basis, allege that none of the statements provided by Defendant accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members.

90.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs and California Class Members have sustained damages in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

**SEVENTH CLAIM FOR RELIEF**
**FAILURE TO PAY WAGES ON TERMINATION**
**(California Labor Code §§ 201-203)**
**(California Class Only)**

91.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

92.     California Labor Code § 203 provides that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

93.     If an employer willfully fails to pay, without abatement or reduction, in accordance with §§ 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than thirty days.

94.     Numerous California Class Members, including Representative Plaintiff Keith Tyner, were employed by Custard during the Class Period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Custard.

95. More than thirty days has elapsed since Representative Plaintiff Keith Tyner and certain California Class Members were involuntarily terminated or voluntarily resigned from Defendant's employ.

96. As a direct and proximate result of Defendant's willful conduct in failing to pay said California Class Members for all hours worked, affected California Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code § 203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF
## FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND
### (California Labor Code §§ 406 and 2802)

97. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

98. During the limitations period, Defendant required Representative Plaintiffs to incur expenses related to the business operations of Defendant. These expenses include without limitation costs relating to transportation to and from claim sites, such as automobile mileage. These expenditures were incurred in direct consequence of the discharge of Representative Plaintiffs' duties, or of her obedience to the directions of the employer and have not yet been reimbursed by Defendant.

99. At all relevant times, Defendant was aware of and was under a duty to comply with various provisions of the California Labor Code, including, but not necessarily limited to §§ 406 and 2802(a).

100. California Labor Code § 406 provides:

> Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

101. California Labor Code § 2802(a) provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  unless the employee, at the time of obeying the directions, believed them to be unlawful.

2  102.    By requiring Representative Plaintiffs to incur uncompensated expenses in direct

3  consequence of the discharge of her duties, Representative Plaintiffs were forced and/or brought to

4  contribute to the capital and expenses of Defendant's business which is legally a cash bond and

5  which must be refunded by Defendant to Representative Plaintiffs.

6  103.    California Labor Code § 2802 (b) and (c) provides for interest at the statutory post

7  judgment rate of ten percent simple interest per annum from the date of the expenditure, plus

8  attorneys' fees to collect reimbursement.

9  104.    Therefore, Representative Plaintiffs demands reimbursement for expenditures or

10  losses they incurred in direct consequence of the discharge of their duties, or of their obedience to

11  the directions of the employer, plus return of all cash bonds or other coerced investments in the

12  business of Defendant, with interest, at the statutory rate, plus attorneys' fees.

### NINTH CLAIM FOR RELIEF
### CONVERSION
### (California Class Only)

16  105.    Representative Plaintiffs incorporate in this cause of action each and every allegation

17  of the preceding paragraphs, with the same force and effect as though fully set forth herein.

18  106.    Representative Plaintiffs allege that Custard wrongfully exercised control over their

19  personal property, specifically unpaid wages, and that Custard intentionally and substantially

20  interfered with their property by taking possession of the money and/or preventing Representative

21  Plaintiffs from having access to the property.

22  107.    Representative Plaintiffs were harmed by Custard's conduct and said conduct was a

23  substantial factor in causing this harm.

24  108.    Representative Plaintiffs further allege that the converted unpaid wages are

25  ascertainable, but have been misappropriated and/or commingled by Custard.

26

27  //

28  //

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**TENTH CLAIM FOR RELIEF**
**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**
**(California Business & Professions Code §§ 17200, *et seq.*)**
**(California Class Only)**

109.    Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

110.    Representative Plaintiffs further bring this cause of action seeking equitable and statutory relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

111.    Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200, *et seq.* Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

112.    Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiffs and to California Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

**RELIEF SOUGHT**

1.    **WHEREFORE, the Representative Plaintiffs**, on behalf of themselves and the proposed Plaintiff Classes, pray for judgment and the following specific relief against Defendant, and each of them, jointly and separately, as follows:

2.    That the Court declare, adjudge, and decree that this action is a proper class/collective action and certify the proposed Classes and/or any other appropriate subclasses under Federal Rules of Civil Procedure, Rule 23 and/or 29 U.S.C. § 216 and/or California Code of Civil Procedure § 382;

3.    That the Court declare, adjudge, and decree that Defendants violated the overtime provisions of the FLSA, California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to the Representative Plaintiffs and Class Members;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

4.      That the Court declare, adjudge and decree that Defendant willfully violated its legal duties to pay overtime under the FLSA, the California Labor Code and the applicable California Industrial Welfare Commission Wage Orders;

5.      That the Court declare, adjudge and decree that Defendant willfully violated its legal duties to pay minimum wage under the FLSA, the California Labor Code and the applicable California Industrial Welfare Commission Wage Orders

6.      That the Court make an award to Representative Plaintiffs and the California Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

7.      That the Court make an award to Representative Plaintiffs and the California Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

8.      That the Court declare, adjudge, and decree that Representative Plaintiffs and California Class Members were, at all times relevant hereto, and are still, entitled to be paid overtime for work beyond eight hours in a day and forty hours in a week;

9.      That the Court make an award to the Representative Plaintiffs and Class Members of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

10.      That the Court declare, adjudge and decree that Defendant violated California Labor Code §§ 406 and 2802(a) by, *inter alia*, willfully failing to reimburse Representative Plaintiffs for expenses incurred on behalf of Defendant;

11.      That the Court order Defendant to pay restitution to Representative Plaintiffs and the California Class Members due to Defendant's unlawful activities, pursuant to California Business and Professions Code §§ 17200, *et seq.*;

12.      That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code §§ 17200, *et seq.*

13.      That the Court declare, adjudge and decree that (a) Representative Plaintiffs and FLSA Class Members were at all times relevant hereto, and are, entitled to be paid overtime for

1  work beyond forty hours in a week, and (b) the amounts to which Representative Plaintiffs and

2  FLSA Class Members are entitled is to be doubled as liquidated damages and awarded thereto;

3      14.    For all other Orders, findings and determinations identified and sought in this

4  Complaint;

5      15.    For an accounting;

6      16.    For imposition of a constructive trust for all property converted by Defendant;

7      17.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

8      18.    For reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b), California Labor Code

9  § 1194 and/or California Code of Civil Procedure § 1021.5; and

10      19.    For costs of suit and any and all such other relief as the Court deems just and proper.

**JURY DEMAND**

The Representative Plaintiffs and the Plaintiff Classes hereby demand trial by jury on all issues triable of right by jury.

Dated: October 11, 2017

                          **SCOTT COLE & ASSOCIATES, APC**

By: _____
Corey B. Bennett, Esq.
Attorneys for the Representative Plaintiffs
and the Plaintiff Classes