UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WADLER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CUSTARD INSURANCE ADJUSTERS, INC.,<br><br>    Defendant. | Case No. 17-cv-05840-WHO<br><br>**ORDER ON MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 38 |

Currently before me is plaintiff Wadler's motion for reconsideration of the stay of his claims in light of newly discovered evidence concerning his employment agreement with defendant Custard Insurance Adjusters, Inc. (CIA). While the Arbitration Acknowledgment in the Employment Agreement and terms governing arbitration from the Handbook contain one substantively unconscionable provision – allowing defendant but not Wadler to seek equitable relief in court – that provision can be severed from the agreement to arbitrate, allowing the agreement to be enforced. For the following reasons, Wadler's motion for reconsideration is GRANTED, the stay on Wadler's claims (but not those of the other named plaintiffs) is LIFTED, and defendant's motion to compel arbitration of Wadler's claims is GRANTED.

**BACKGROUND**

**I.  PROCEDURAL BACKGROUND**

On December 6, 2017, by Minute Order, I granted CIA's motion to stay the claims of the four named plaintiffs in this case pending the Supreme Court's resolution of three cases addressing collective action waivers, and denied without prejudice CIA's motion to compel arbitration. Dkt. No. 35. I also denied without prejudice plaintiffs' motion for conditional certification under the Fair Labor Standards Act (FLSA). *Id*.

Plaintiffs sought leave to file a motion for reconsideration on December 14, 2017, based on the recently produced "Employment Agreement" signed by one of the plaintiffs, Perry Wadler. Dkt. No. 36. I granted plaintiffs leave, and advised that if they wished to proceed with an adjudication of Wadler's defenses to arbitration on the merits, they could file a motion for reconsideration. Dkt. No. 37. Plaintiffs filed that motion on January 12, 2018, and in moving for reconsideration, relied on additional newly secured evidence, namely CIA's Employee Handbook that contained not only the Employment Agreement and the Arbitration Acknowledgment signed by Wadler but also a section regarding "Arbitration." In light of that newly revealed Handbook (which Wadler provided to his counsel on January 4, 2018, but was not produced by CIA to plaintiffs), I asked counsel to submit supplemental briefing addressing three discrete topics:

1. Whether the language in Arbitration section of the Handbook limiting the time for filing claims is unconscionable, even though the same sentence provides "unless a longer period of time is provided by the applicable statute of limitations."

2. Whether the Arbitration section of the Handbook attempts to preserve the ability of defendant to pursue equitable claims in court while precluding an employee from doing the same, and whether that provision is therefore unconscionable.

3. If either of the provisions identified immediately above is unconscionable, whether it can be severed from the Arbitration Acknowledgment as incorporated and explained by the Handbook.

February 14, 2018 Order at 4. Both parties submitted five page briefs addressing these three issues. Dkt. Nos. 41, 42. The matters are now fully briefed and before me for resolution.

I recognize that in my December 6, 2017 Minute Order granting defendant's motion for a stay pending the Supreme Court's resolution of three related cases,[1] and denying defendant's motion to compel arbitration without prejudice to it being renewed following the Supreme Court's rulings, I did not lay out my thinking on plaintiff Wadler's unconscionability challenges to the Arbitration Agreement he signed. I will do so now. Resolution of those challenges, in addition to the newly raised challenges based on the Handbook, is necessary in order to fully rule on Wadler's motion for reconsideration, as that motion asks me to lift the stay as to Wadler and allow Wadler's

---

[1] *Ernst & Young LLP et al. v. Stephen Morris et al.*; *NLRB v. Murphy Oil USA Inc.*; and *Epic Systems Corp. v. Lewis*.

claims to proceed.[2]

**II.  FACTUAL BACKGROUND**

CIA submits evidence that plaintiff Wadler was presented with an Arbitration Acknowledgement in paper form "in conjunction with a general employment agreement" when he started working for CIA. Declaration of Teresa McKinzie [Dkt. No. 20-3], ¶ 5. The "Arbitration Acknowledgment" signed by Wadler provided that "arbitration" under the rules of the American Arbitration Association (AAA):

> shall be the sole and exclusive remedy for any alleged cause of action in any manner based upon or arising out of my employment with Custard. . . including any dispute based upon or arising from a written employment agreement (where applicable) or any of its subsidiaries or affiliated companies.  I acknowledge that this agreement does not prevent CIA from seeking equitable relief in accordance with the provisions of any employment agreement between CIA and myself, where applicable.  I agree that this requirement to arbitrate included any claims I might have against any employees of CIA, its affiliates, and subsidiaries, in any way relating to my employment relationship.  I acknowledge that since arbitration is the exclusive remedy, I have no right to seek relief from any court.

Arbitration Acknowledgment, Ex. A to the Declaration of Teresa McKinzie. The Arbitration Acknowledgment was contained within the CIA Employee Handbook. That Handbook also contained "General Policies," that included a section on Arbitration. Declaration of Corey B. Bennett (Dkt. No. 38-1) at ECF Pg. 45-46.

The Arbitration section provided that "all claims and disputes" will be resolved through binding arbitration conducted by AAA. The section also required that "employees must initiate arbitration within one year of the time the dispute first arose unless a longer period of time is provided by applicable statute or law. The failure to initiate arbitration within this one year period, or time period provided by statute of law, will forever bar any claim involving that

---

[2] The three other named plaintiffs – Gerald Springer, Troy Willis, and Keith Tyner – signed arbitration agreements that contained collective action waivers. Wadler's Arbitration Acknowledgement did not. Given the differences between the agreements signed by Springer, Willis, and Tyner and the one signed by Wadler, and because it is not clear that the Handbook containing Wadler's Employment Agreement and Arbitration Acknowledgment was used with respect to the employment of Springer, Willis and Tyner, the stay previously granted continues to apply to the claims of Springer, Willis, and Tyner.

3

dispute." *Id*. at ECF Pg. 45. Finally, the Handbook's Arbitration provision explained:

> nothing in this Policy shall be construed to prevent CIA from asking a court of competent jurisdiction to enter appropriate equitable relief to enjoin any violation of any written agreement between the Employee and the Company. CIA shall have the right to seek such relief in conjunction with or apart from the parties' rights under this clause to arbitrate all disputes.

*Id*., ECF Pg. 46.

## LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), a district court determines (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). "To evaluate the validity of an arbitration agreement, federal courts should apply ordinary state-law principles that govern the formation of contracts." *Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1170 (9th Cir. 2003) (internal citation omitted). If the court is satisfied "that the making of the arbitration agreement or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 721 (9th Cir. 1999).

Under Section 2 of the Federal Arbitration Act, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.2. The Supreme Court of the United States has interpreted this language to mean that arbitration agreements may be "invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability" without contravening section 2. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011).

Plaintiffs assert that the Arbitration Acknowledgment is unenforceable because it, as construed in conjunction with the terms of the Handbook, is both procedurally and substantively unconscionable. Whether a contract is unconscionable is a question of law. *Patterson v. ITT Consumer Fin. Corp.*, 14 Cal. App. 4th 1659, 1663 (1993). In California, unconscionability includes an "absence of meaningful choice on the part of one of the parties together with contract

4

terms which are unreasonably favorable to the other party." *Lhotka v. Geographic Expeditions, Inc.*, 181 Cal. App. 4th 816, 821 (Ct. App. 2010) (citation omitted). Accordingly, unconscionability has both a "procedural" and a "substantive" element. *Id*.

Procedural unconscionability occurs where a contract or clause involves oppression, consisting of a lack of negotiation and meaningful choice, or surprise, such as where the term at issue is hidden within a wordy document. *Id*. "California law treats contracts of adhesion, or at least terms over which a party of lesser bargaining power had no opportunity to negotiate, as procedurally unconscionable to at least some degree." *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1004 (9th Cir. 2010).

Substantive unconscionability occurs where the provision at issue "reallocates risks in an objectively unreasonable or unexpected manner." *Lhotka*, 181 Cal. App. 4th at 821 (citation omitted). "Substantive unconscionability focuses on the one-sidedness or overly harsh effect of the contract term or clause." *Id*. at 824–25 (citation omitted).

Both procedural and substantive unconscionability must be found before a term will be deemed unenforceable, but both need not be present to the same degree. Rather, "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000).

**DISCUSSION**

**I.     PROCEDURAL UNCONSCIONABILITY**

"The term contract of adhesion signifies a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Armendariz*, 24 Cal. 4th at 113. The Acknowledgment signed by Wadler appears to be a standardized contact. But there is no evidence about how or when the Acknowledgment or Handbook were presented to and signed by Wadler.[3]

---

[3] In support of plaintiffs' opposition to the motion to compel, plaintiffs submitted evidence regarding the other three named plaintiffs signing of their Agreements. Bennett Decl., Exs. E-G.

There is no evidence (much less strong evidence) that the Acknowledgment was a "take it or leave it" condition of commencing or continuing work for CIA. Nor is there evidence that plaintiff Wadler was given the choice of accepting or rejecting the Arbitration Acknowledgment; even if he was not given a choice, "[s]uch a finding [] only indicates that the agreement is somewhat procedurally unconscionable, not that it is unenforceable." *Naria v. Trover*, No. 13-02086, 2013 WL 4516483, at *3 (N.D. Cal. August 23, 2013).

Several additional aspects of the Acknowledgment weigh against finding it procedurally unconscionable. The Acknowledgment is set forth in a separate section of the Handbook with a clear "Arbitration Acknowledgement" title, was separately signed by Wadler, and is less than one page long. *Kilgore v. KeyBank, Nat'l. Ass'n*, 718 F.3d 1052, 1059 (9th Cir. 2013) (holding that there is no procedural unconscionability where arbitration clause was not "buried in fine print in the Note, but was instead in its own section" and "clearly labeled").

Wadler complains that the Acknowledgment and presumably the Arbitration provision in the Handbook are procedurally unconscionable because the AAA rules that govern any invoked arbitration proceeding are not found within the signed agreements. Instead, employees are forced to "'go to another source to find out the full import of what he or she is about to sign—and must go to that effort prior to signing.'" *Carmona v. Lincoln Millennium Car Wash, Inc*., 226 Cal.App.4th 74, 84 (2014) (quoting *Harper v. Ultimo*, 113 Cal.App.4th 1402, 1406 (2003)). But the mere failure to attach or provide the AAA rules does not make an arbitration agreement unconscionable unless plaintiffs are challenging a specific provision within those rules as unconscionable itself. *See, e.g., Da Loc Nguyen v. Applied Medical Resources Corporation*, 4 Cal.App.5th 232, 249 (2016) ("the failure to attach the applicable AAA rules did not increase the procedural unconscionability of the application or its arbitration provision.").[4] Moreover, the Arbitration provision of the Handbook summarized key provisions of any invoked AAA arbitration--the right to an arbitrator experienced in employment law, the right to discovery, and

---

[4] *Nguyen* relied on the California Supreme Court opinion in *Baltazar v. Forever 21, Inc*., 62 Cal.4th 1237, 1243 (2016). *Baltazar* came out a month after the case relied on by plaintiffs here, *Carbajal v. CWPSC, Inc*., 245 Cal.App.4th 227 (2016).

6

the payment of fees and expenses.

The Arbitration Acknowledgement and provisions in the Handbook are, at most, only slightly procedurally unconscionable.[5]

## II. SUBSTANTIVE UNCONSCIONABILITY

In the initial opposition to CIA's motion to compel and on reconsideration, Wadler makes a number of arguments that his Arbitration Acknowledgment and the Arbitration provisions of the Handbook are substantively unconscionable.

### A. Lack of Mutuality

Plaintiffs argue that Wadler's agreement to arbitrate is substantively unconscionable because there is a lack mutuality to the arbitration requirement, creating "overly harsh one-sided" results. They point out that Wadler's Acknowledgment and the Handbook provisions require that any claim Wadler might bring against CIA be arbitrated, but both provisions allow CIA to go to court to pursue "equitable" relief, as further explained by the Handbook "to enjoin any violation of any written employment agreement." Handbook at Dkt. No. 38-1 ECF pg. 46.

Plaintiffs point to cases that have found that where an arbitration agreement carves out claims for injunctive relief from its scope, the provision is essentially non-mutual and, therefore, substantively unconscionable, because only the employer is likely to bring claims for injunctive relief. *Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227, 248 (2016) (relying on *Trivedi v. Curexo Technology Corp.*, 189 Cal.App.4th 387 (2010)). But the language from *Trivedi* that the *Carbajal* court and plaintiffs rely on here (Oppo. to Motion to Compel [Dkt. No. 27] at 19) was disapproved of by the California Supreme Court in *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1248

---

[5] Repeating part of the argument with respect to procedural unconscionability, plaintiffs also initially argued (before they had received the Handbook and only with respect to Wadler's Acknowledgment), that arbitration could not be enforced against Wadler because of a lack of "mutual assent." Plaintiffs' Oppo. to Motion to Compel [Dkt. No. 27] 14-15. Plaintiffs rest that argument on CIA's failure (1) to sign the Acknowledgment and (2) failure to include the AAA rules or describe the major provisions of those rules (*e.g.*, how an arbitrator will be chosen, whether discovery is allowed, whether a written award will be issued, the type of relief available, and cost and/or fee-sharing. *Id*. at 14. The second set of arguments have been addressed and rejected based on the rationale of *Da Loc Nguyen v. Applied Medical Resources Corporation*, 4 Cal.App.5th 232, 249 (2016). As to the first, the lack of a signature, plaintiffs cite no authority requiring one.

7

(2016). *Baltazar* confirmed that arbitration agreements that simply preserve the right of "any party" to seek provisional injunctive relief during the pendency of an arbitration, as allowed under California Code of Civil Procedure Section 1281.8(b), are not substantively unconscionable even if an employer is more likely than an employee to seek that injunctive relief. *Id*. at 1247-48.

However, there is a different problem with the Acknowledgement and Handbook provisions governing Wadler's agreement to arbitration; only CIA is allowed to seek that injunctive relief. Wadler is not allowed to seek "any relief" from any court. CIA argues that it is "ambiguous" whether Wadler could seek equitable relief in court and, as such, the language should be construed against CIA (the drafter) to allow Wadler to likewise pursue equitable claims in court. Defendant's Oppo. to Reconsideration [Dkt. No. 42] at 4. CIA's argument ignores the explicit language in the Acknowledgment that "I have no right to seek relief in any court." That language is not ambiguous. CIA's argument that the language in paragraph 5 of the Arbitration section of the Handbook, identifying the venue and jurisdiction for disputes "submitted to a court rather than an arbitrator, including actions to compel arbitration," is likewise ambiguous and "seems to grant" Wadler the right to pursue equitable claims in the appropriate court, is also not persuasive. *Id*.

The Acknowledgment and Arbitration provision in the Handbook allow CIA, but not Wadler, to seek equitable relief in court. The one-sided nature of the equitable relief carve out is substantively unconscionable.[6]

### B. Non-Signatory Enforcement

Plaintiffs argue that because Wadler's Acknowledgment allows CIA's "affiliates and subsidiaries" to enforce the arbitration agreement even though they are not signatories to the Acknowledgment, it is substantively unconscionable. However, because affiliates and subsidiaries may be recognized as CIA's "agents," and under California law, and agents are entitled to enforce arbitration agreement to the same extent CIA is, there is no substantive unconscionability. *See,*

---

[6] Given the stay, I do not address the argument that the Tyner/Willis/Springer Agreements suffer from additional non-mutuality defects because they carve out breach of non-disclosure and non-compete agreement claims from the scope of arbitration.

8

*e.g., Laswell v. AG Seal Beach, LLC*, 189 Cal. App. 4th 1399, 1406 (2010) ("nonparties to arbitration agreements are allowed to enforce those agreements where there is sufficient identity of parties.").[7]

### C. Statute of Limitations

Based on language in the arbitration provision of the Handbook, Wadler makes a new substantive unconscionability argument on reconsideration. Wadler notes that in the Handbook's provision, "employees must initiate arbitration within one year of the time the dispute first arose unless a longer period of time is provided by applicable statute or law." Dkt. No. 38-1 at ECF Pg. 45. Wadler argues this provision is substantively unconscionable because it "created the illusion" of a time-bar that is contrary to the applicable statute of limitations for the claims at issue here and whose only effect is to deter employees from filing claims. Plaintiffs' Mot. for Reconsideration [Dkt. No. 38] at 10. Plaintiffs rely on *Martinez v. Master Protec. Corp.*, 118 Cal. App. 4th 107 (Cal. App. 2d Dist. 2004), which held that an arbitration provision cannot impose a "vastly shortened statute of limitations" upon employee claims because that "constitutes an unlawful attempt" to "restrict its employees' statutory rights." *Id*. at 117.

The provision here, however, adds qualifying language: "unless a longer period of time is provided by applicable statute or law." CIA points out that almost identical language was addressed and unconscionability rejected in *Harris v. Halliburton Co.*, 116CV00281LJOJLT, 2016 WL 3255074, at *12 (E.D. Cal. June 13, 2016), *report and recommendation adopted*, 116CV00281LJOJLT, 2016 WL 4204604 (E.D. Cal. Aug. 9, 2016). The court in *Harris* reviewed an arbitration agreement that provide that claims must be initiated "'within one year after the event which gives rise to the Dispute or the time allowed by applicable law for the filing of a judicial complaint, whichever is longer.'" *Id*. at *12. The court concluded that the "whichever is longer" language meant that "the arbitration agreement does not impose a shortened statute of limitations upon the parties, and there is no imposition or undue advantage." *Id*.

Acknowledging but not distinguishing *Harris*, plaintiffs contend that the language in

---

[7] Of course application of the "sufficient identity" of the parties test would depend on the facts; facts not at issue here.

9

1 CIA's Handbook is nonetheless problematic for two reasons. First, plaintiffs argue that the

2 shortened statute *suggested* by the Handbook (even with the "unless" language) is an

3 impermissible attempt to mislead and ultimately deter employees from filing claims. It is,

4 according to plaintiffs, yet another attempt to force employees to find "applicable rules" outside of

5 the scope of the arbitration agreement itself, like the AAA rules argument addressed above.

6 Plaintiffs' Supp. Brief at 2. However, that plaintiffs need to consult with outside sources (to locate

7 the AAA rules or determine applicable statute of limitations) does not make the arbitration

8 provision unconscionable.

9 Second, plaintiffs argue that the use of the term "when the dispute first arose" is

10 problematic because it purports to "deprive employees of relief under the continuing violation

11 doctrine." *Id*. at 3. But whether a continuing violations theory is legally viable is not determined

12 or limited in any way by the arbitration provision Wadler agreed to. The provision at issue is

13 significantly different from arbitration agreements that attempt to expressly impose a shorter

14 statute of limitations on employee claims than allowed by law. *See, e.g., Cir. City Stores, Inc. v.

15 Adams*, 279 F.3d 889, 894 (9th Cir. 2002); *Ingle v. Cir. City Stores, Inc*., 328 F.3d 1165, 1175 (9th

16 Cir. 2003).

### D. Severability of Any Substantively Unconscionable Provisions

Generally, only where there are arbitration provisions with "several" unconscionable terms will severance be rejected as a solution. *See, e.g., Farrar v. Direct Com., Inc*., 9 Cal. App. 5th 1257, 1274 (Cal. App. 1st Dist. 2017) (citing California cases and severing a single unconscionable provision exempting claims of breach of confidentiality from scope of arbitration agreement). While plaintiffs claim there are multiple unconscionable elements in the arbitration provisions agreed-to by Wadler, I have found only one; the one-sided carve out for equitable claims.

Plaintiffs argue, however, that this unconscionable provision is especially significant because there are other, non-arbitration-related provisions in Wadler's Employment Agreement and Handbook that are illegal: most importantly, illegal non-compete agreements and unlawful vacation and overtime policies. Plaintiffs' Supplemental Brief [Dkt. No. 41] at 5. Wadler argues

10

that because CIA reserved the right to itself to seek equitable relief to enforce these illegal policies in court, the nature of the unconscionability is arguably larger and cannot be cured through severance. I disagree. The only issue before me is whether I can sever the one unconscionable term in the arbitration provision.

Here, the appropriate course is to sever out the sections allowing CIA to seek equitable relief in court and the one preventing Wadler from seeking "any relief" in court. That would solve the non-mutuality problem. That would also protect CIA's expected and protected interests, because both CIA and Wadler would retain the right under California law to seek injunctive relief under California Code of Civil Procedure § 1281.8(b).[8] *See Farrar*, 9 Cal. App. 5th at 1275 (reversing trial court's failure to severe from arbitration agreement exception allowing claims arising from a confidentiality agreement to be litigated in court, concluding intent to preserve ability to seek appropriate injunctive relief in aid of the parties' agreements was preserved by C.C.P. § 1281.8(b)).[9]

## CONCLUSION

Plaintiffs' motion for reconsideration is GRANTED. The stay in Wadler's claims is lifted and defendant's motion to compel Wadler's claim to arbitration is GRANTED. The prior stay remains in effect for the claims of Tyner, Willis, and Springer.

**IT IS SO ORDERED.**

Dated: April 11, 2018

William H. Orrick
United States District Judge

---

[8] C.C.P. § 1281.8(b) provides that: "A party to an arbitration agreement may file in the court in the county in which an arbitration proceeding is pending, or if an arbitration proceeding has not commenced, in any proper court, an application for a provisional remedy in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief."

[9] CIA asserts a host of evidentiary objections to the evidence, particularly the Handbook, relied on by plaintiffs in moving for reconsideration. Dkt. No. 39-1. The objections for lack of foundation, relevance, hearsay, and that the evidence relied on by plaintiffs is either not new or exceeds the scope of my December 29, 2017 order are DENIED.