1  Scott Edward Cole, Esq. (S.B. #160744)
   Andrew Daniel Weaver, Esq. (S.B. #318935)
2  **SCOTT COLE & ASSOCIATES, APC**
   555 12th Street, Suite 1725
3  Oakland, California 94607
   Telephone: (510) 891-9800
4  Facsimile:  (510) 891-7030
   Email:  scole@scalaw.com
5  Email:  aweaver@scalaw.com
   Web:  www.scalaw.com
6
   Attorneys for Class Representative
7  Keith Tyner and Class Members

8  (*additional counsel appearing on next page*)

9

10              **UNITED STATES DISTRICT COURT**

11     **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

12

13  PERRY WADLER, GERALD            Case No.: **3:17-cv-05840-WHO**
    SPRINGER, TROY WILLIS, KEITH    Case No.: **3:18-cv-02768-WHO**
14  TYNER, ARMEN ABGARYAN and       Case No.: **3:18-cv-05487-WHO**
    RAY PAIVA, individually and on  Case No.: **3:18-cv-04670-EDL**
15  behalf of all others similarly situated,
                                    **CLASS ACTION**
16                   Plaintiffs,
                                    [Assigned for all purposes to the
17  vs.                             Honorable William H. Orrick III]

18  CUSTARD INSURANCE             **PLAINTIFFS' NOTICE OF MOTION AND**
    ADJUSTERS, INC.,              **MOTION FOR FINAL APPROVAL OF**
19                                **CLASS ACTION SETTLEMENT;**
                     Defendants.  **MEMORANDUM OF POINTS AND**
20                                **AUTHORITIES**

21                                Date:        **July 17, 2019**
                                  Time:        **2:00 p.m.**
22                                Courtroom:   **12**
                                  Judge:       **Honorable William H. Orrick**
23                                **III**

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

Greg K. Hafif, Esq. (S.B. #149515)
Michael G. Dawson, Esq. (S.B. #150385)
**LAW OFFICES OF HERBERT HAFIF, P.C.**
269 West Bonita Avenue
Claremont, California 91711
Telephone:  (909) 624-1671
Facsimile:  (909) 625-7772
Email:  ghafif@hafif.com
Email:  mgdawson@hafif.com

Larry A. Sackey, Esq. (S.B. #54474)
**LAW OFFICE OF LARRY A. SACKEY**
11500 W. Olympic Blvd., Suite 550
Los Angeles, California 90064
Telephone:  (310) 575-4444
Facsimile:  (310) 575-4520
Email:  lsackey@sackeylaw.com

Attorneys for Plaintiff Armen Abgaryan

Joshua D. Boxer, Esq. (S.B. #226712)
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone:  (310) 531-1900
Facsimile:  (310) 531-1901
Email:  mmatern@maternlawgroup.com
Email:  jboxer@maternlawgroup.com

Corey B. Bennett, Esq. (S.B. #267816)
**MATERN LAW GROUP, PC**
One Market Plaza, Spear Tower, Suite 3676
San Francisco, California 94105
Telephone:  (415) 990-8390
Facsimile:  (310) 531-1901
Email:  cbennett@maternlawgroup.com

Attorneys for Plaintiffs Perry Wadler, Gerald
Springer Jr., Troy Willis and Ray Paiva

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, NOTICE IS HEREBY GIVEN** that, on July 17, 2019, at 2:00 p.m., in Courtroom 12 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs Perry Wadler, Gerry Springer, Troy Willis, Keith Tyner, Armen Abgaryan and Ray Paiva (collectively "Plaintiffs") will and hereby do move the Court for an Order granting final approval of the class action settlement with defendant Custard Insurance Adjusters, Inc. ("Defendant"). This motion shall be based on Rule 23 of the Federal Rules of Civil Procedure and in conformity with the recent Northern District of California Procedural Guidance for Class Action Settlements. This motion is made on the grounds that the proposed settlement is fair and reasonable, the Court-Ordered Notice of Settlement fairly and adequately informed class members of the terms of the proposed Settlement, their potential awards, their rights and responsibilities, and the consequences of the Settlement, and the proposed settlement was positively received by Class Members.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the respective Declarations of attorneys Scott Edward Cole, Greg Hafif, Larry Sackey, Michael G. Dawson, and Matthew Matern, the Declarations of Perry Wadler, Gerald Springer, Troy Willis, Keith Tyner, Armen Abgaryan, and Ray Paiva, the documents and records on file in this matter, and such additional arguments, authorities, evidence and other matters as may be presented at the hearing.

Dated: June 19, 2019

SCOTT COLE & ASSOCIATES, APC

By:      /s/ Scott Edward Cole, Esq.
         Scott Edward Cole, Esq.
         Attorneys for Class Representative Keith
         Tyner and Class Members

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**TABLE OF CONTENTS**

I.    INTRODUCTION............................................................................1

II.   THE SETTLEMENT TERMS........................................................2

      A.    ALLOCATION OF THE SETTLEMENT BENEFITS........................2

      B.    THE TERMS OF THE RELEASE............................................4

III.  PRELIMINARY APPROVAL, NOTICE AND THE CLASS RESPONSE............5

IV.   FINAL APPROVAL OF THE SETTLEMENT SHOULD BE GRANTED............6

      A.    CLASS SETTLEMENTS ARE SUBJECT TO COURT APPROVAL..........6

      B.    CLASS ACTION SETTLEMENT APPROVAL HAS THREE STEPS........6

      C.    THE COURT SHOULD EXERCISE ITS DISCRETION TO APPROVE
            THIS SETTLEMENT......................................................7

      D.    THE SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE..........8

      E.    THE SETTLEMENT SATISFIES NINTH CIRCUIT STANDARDS..........8

            1.    Strength of Plaintiffs' Case and the Risk, Expense, Complexity and
                  Likely Duration of Further Litigation Support Final Approval........9

            2.    Stage of Proceedings and Extent of Discovery Support Settlement...11

            3.    The Experience and Views of Counsel Support Settlement............11

            4.    Lack of Objection and Class' Reaction Supports Final Approval.....12

V.    THE COURT SHOULD APPROVE THE REQUESTED ATTORNEYS' FEES
      AND COSTS, REPRESENTATIVE SERVICE PAYMENTS, AND
      ADMINISTRATION FEES................................................................13

      A.    THE PREVIOUSLY-FILED MOTION FOR ATTORNEYS' FEES AND
            COSTS SHOULD BE APPROVED..........................................13

      B.    CLASS REPRESENTATIVE SERVICE PAYMENTS ARE
            REASONABLE............................................................14

      C.    THE ADMINISTRATION EXPENSES ARE REASONABLE................16

VI.   THE CALIFORNIA-FLSA CLASS ALLOCATION IS FAIR AND
      REASONABLE..........................................................................16

VII.  CONCLUSION..........................................................................18

**TABLE OF AUTHORITIES**

**Cases**

*Allagas v. BP Solar Int'l, Inc.,*
    No. 314CV00560SIEDL, 2016 WL 9114162 (N.D. Cal. Dec. 22, 2016)................14

*Boyd v. Bechtel Corp.,*
    485 F. Supp. 610 (N.D. Cal. 1979)...........................................11-13

*Brinker Restaurant Corp. v. Superior Court,*
    53 Cal.4th 1004 (2012)...........................................................9

*Brooklyn Sav. Bank v. O'Neil,*
    324 U.S. 697 (1945)............................................................17

*Brown v. Hain Celestial Grp., Inc.,*
    No. 3:11-CV-03082-LB, 2016 WL 631880 (N.D. Cal. Feb. 17, 2016)....................15

*Cahill v. City of Brunswick,*
    99 F. Supp.2d 464 (D.N.J. 2000)................................................16

*Cash v. Conn Appliances, Inc.,*
    2 F.Supp.2d 884 (E.D. Tex. 1997)...............................................16

*Class Plaintiffs v. City of Seattle,*
    955 F.2d 1268 (9th Cir. 1992)...................................................8

*Cortez v. Purolator Air Filtration Prods. Co.,*
    23 Cal.4th 163 (2000)..........................................................16

*Deaver v. Compass Bank,*
    No. 13-CV-00222-JSC, 2015 WL 8526982 (N.D. Cal. Dec. 11, 2015)....................15

*Dunleavy v. Nadler,*
    213 F.3d 454 (9th Cir. 2000).....................................................7

*Ellis v. Naval Air Rework Facility,*
    87 F.R.D. 15 (N.D. Cal. 1980)..................................................12

*Epic Systems Corp. v. Lewis,*
    138 S. Ct. 1612 (2018)......................................................10-11

*Fisher Bros. v. Cambridge Lee Industries, Inc.,*
    630 F. Supp. 482 (E.D. Pa. 1985)...............................................12

*Garner v. State Farm Auto Ins. Co.,*

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

No. CV 08 1365 CW (EMC), 2010 U.S. Dist. Lexis 49477 (N.D. Cal. Ap. 22, 2010)......7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (1998)...........................................................................................7

*Hensley v. MacMillan Bloedel Containers, Inc.*,
  786 F.2d 353 (8th Cir. 1986)..............................................................................16

*In re Anthem, Inc. Data Breach Litig.*,
  No. 15-MD-02617-LHK, 2018 WL 3960068 (N.D. Cal. Aug. 17, 2018)..............14-15

*In re Omnivision Technologies, Inc.*,
  559 F. Supp.2d 1036, 1043 (N.D. Cal. 2007)........................................................12

*In re Online DVD-Rental Antitrust Litigation*,
  779 F.3d 934 (9th Cir 2015)...............................................................................14

*Jacobs v. California State Auto. Ass'n Inter-Ins. Bureau*,
  No. C 07-00362 MHP, 2009 WL 3562871 (N.D. Cal, Oct. 27, 2009)......................15

*Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*,
  No. 16-CV-03698-NC, 2018 WL 2183253 (N.D. Cal. May 11, 2018)......................14

*Martin v. AmeriPride Servcs.*,
  No. 08cv440–MMA (JMA), 2011 WL 2313604 (S.D. Cal. June 9, 2011)................12

*Monahan v. County of Chesterfield*,
  95 F.3d 1263 (4th Cir. 1996)...............................................................................16

*Murillo v. Pac. Gas & Elec. Co.*,
  266 F.R.D. 468 (E.D. Cal. 2010)...........................................................................6

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004)..........................................................................11

*Officers for Justice v. Civil Serv. Comm'n. of the City and County of San Francisco*,
  688 F.2d 615 (9th Cir. 1982)..................................................................................7

*Rodriguez v. West Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009).....................................................................7, 8, 13, 14

*Rhom v. Thumbtack, Inc.*,
  No. 16-CV-02008-HSG, 2017 WL 4642409 (N.D. Cal. Oct. 17, 2017)....................15

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003).............................................................................6, 14

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

*Torrisi v. Tucson Elec. Power Co.,*
    8 F.3d 1370 (9th Cir. 1993).................................................8

*Tumampos v. Cathay Pac. Airways LTD.,*
    No. 16-CV-06208, 2018 WL 5603702 (N.D. Cal. Sept. 21, 2018).............14


**Federal Statutes**

Fed. R. Civ. P. 23.............................................................6

29 U.S.C. § 206..............................................................16

26 U.S.C. §207...............................................................16

29 U.S.C. §216...............................................................17


**California Statutes**

Cal. Bus. & Prof. Code §17208................................................16

Cal. Lab. Code §1194.........................................................17


**Treatises**

Manual for Complex Litigation,
    § 21.61 (4th ed. 2004)...................................................7

Newberg on Class Actions (5th ed. 2014)
    §§ 13:39, et seq.........................................................6

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs and class representatives Perry Wadler, Gerald Springer, Troy Wills, Keith Tyner, Armen Abgaryan and Ray Paiva (collectively "Plaintiffs")[1] seek final approval of a non-reversionary common fund settlement of $2,430,000.00 on behalf of 46 California class members and 776 FLSA class members (excluding California employees) who were employed as overtime-exempt insurance adjusters by Defendant Custard Insurance Adjusters, Inc. ("Defendant" or "Custard").

Defendant is one of the largest independent loss adjustment companies in the United States. Defendant operates in 48 of 50 states, maintains more than 250 branch locations, employs hundreds of adjusters, and services clients through a 24/7 contact center.

During the pre-January 1, 2018 portion of the class period, all adjusters employed by Defendant were classified as "Commission Adjusters." After that time, Custard began re-classifying adjusters and compensating them as hourly employees, issued new guidelines for wage and hour compliance, including meal and rest periods, and started paying employees overtime wages. This has had the natural effect of reducing the damages for Class Members who worked after January 1, 2018.

Even after January 1, 2018, however, Plaintiffs and Class Members worked long hours and were required to travel long distances from their respective home offices to claim sites, and yet, travel distances were calculated from branch locations, not home offices, and were subject to standardized fees and billing charges. This practice minimized the cost to the client, but short-changed adjusters for the time and expense of working each claim. Both prior to and after January 1, 2018, Plaintiffs and Class Members contend to have remained uncompensated for "on-call" time, which entailed remaining available to call and/or take claims at all hours of the day and night as dictated by policies set forth in Custard's Employee Handbook and reinforced by Defendant's managers. In this litigation, Plaintiffs challenged each of these practices on behalf of two worker

---

[1] The relevant work history and circumstances of each Representative Plaintiff are detailed in Plaintiffs' Motion for Preliminary Approval of Class Action Settlement [Dkt No. 71].

1    classes (the "Classes," detailed, *infra*).

2         Vis-à-vis an August 15, 2018 mediation (facilitated by experienced mediator, David

3    Rotman) and months of arms-length negotiations thereafter, the Parties reached an agreement that

4    ultimately culminated in a Class Action Settlement Agreement and Release of Claims ("Settlement

5    Agreement"). [Dkt No. 71-1, Ex. A]. The Settlement was preliminarily approved on March 12,

6    2019 [Dkt. No. 87] and, on April 1, 2019, the Court-approved Notice of Class Action Settlement

7    was disseminated, informing Class Members of their rights and benefits under the Settlement, and

8    of the May 31, 2019 deadline to submit objections or requests for exclusion.

9         At the close of the deadline to act, no Class Members had objected to the Settlement, and

10   none had requested to opt out. Following the grant of final approval, and the effective date of

11   Settlement, participating California and FLSA Class Members will receive average payments of

12   $27,328.31 and $1,997.10, respectively, with the highest payment being $64,415.48. Declaration

13   of Scott Edward Cole ("Cole Decl.") at Ex. G, Declaration of Emilio Cofinco ("Cofinco Decl."),

14   at ¶¶10-13.

15        As detailed more below, Class Members have evidently embraced the Settlement as fair,

16   adequate and reasonable. Similarly, Class Counsel supports the proposed settlement, believes it

17   represents a significant recovery based on the claims alleged and the defenses asserted thereto.

18

19   **II.    THE SETTLEMENT TERMS**

20        **A.    ALLOCATION OF THE SETTLEMENT BENEFITS**

21        Following mediation, and another several months of intense negotiations, the Parties

22   agreed (subject to Court approval) that Class claims be settled for a Gross Settlement Amount

23   ("GSA") of $2,430,000, no part of which may revert to Defendants. [Settlement Agreement, Dkt

24   No. 71-1, Ex. A, p. 25, at ¶ 87].

25        Among other features, the GSA includes a common fund for:

26        (a) Attorneys' fees of up to $810,000 (i.e., 33.3% of GSA) to compensate Plaintiffs'

27   respective Class Counsel for work performed and substantial work remaining to document and

28   administer the settlement and securing final Court approval, and thereafter [*Id.*, pp. 25-26, at ¶

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

87a];

(b) Plaintiffs' Class Counsel's litigation costs, capped at $15,000 [*Id.*];

(c) Class Representative Service Payments of $7,500 each to Plaintiffs Wadler, Springer, Willis, Tyner and Abgaryan, and $2,500 to Plaintiff Paiva (for a total sum of $40,000) in consideration and recognition of their initiation and prosecution of the Actions, serving as Class Representatives, their work performed and risks undertaken (e.g., for payment of costs if the Action was lost) toward conferring a substantial benefit upon the absent Class Members [*Id.*, pp. 26-27, at ¶ 87b];

(d) An allocation of $15,000 (the "PAGA Payment") from the Gross Settlement Fund toward a release of the PAGA claims, as described more fully herein. The Parties agree that this amount is reasonable in light of the facts and circumstances presented in the Action. If approved, the California Labor & Workforce Development Agency ("LWDA") shall be paid seventy-five percent (75%) of the total amount allocated towards PAGA claims from the Gross Settlement Fund within five business days after Defendant funds the Gross Settlement Fund. If approved, twenty-five percent (25%) of the total amount allocated towards PAGA claims shall be included in the calculation of the Net Settlement Amount and thereafter be distributed to the participating Class Members in accordance with the terms of the agreement [*Id.*, p. 27, at ¶ 87c];

(e) Settlement Administrator expenses to CPT Group, negotiated down to a cap of $19,000 [*Id.*, pp. 27- at ¶ 87d]; and

(f) Any unclaimed funds (including any checks not cashed within 180 days of mailing) shall be distributed to Legal Services of Northern California, a worthy and relevant *cy pres* organization. [*Id.*, p. 28, at ¶ 87e].

Defendant will separately pay the employer payroll and employment taxes due for the wage payments made under this Agreement. [*Id.*, p. 25, at ¶ 87] The parties allocated 33.33% to wages (Form W2) and 66.67% to interest and penalties (Form 1099). [*Id.*, p. 31, at ¶ 89].

If the Court approves the deductions referenced above, the remaining Net Settlement Amount ("NSA")–estimated at $1,535,000–will be divided between the two following (and already conditionally certified) worker classes:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

(a)   <u>California Class</u>: The class includes all persons who were employed as overtime-exempt insurance adjusters by Defendant in one or more of its Custard branch office locations in California at any time on or after October 4, 2013. *See* Order Granting Preliminary Approval ("Order"), Dkt. No. 87. There are 46 members of the California class with a total of 5,245 work weeks during the four-year class period. Cole Decl. Ex. G, Cofinco Decl., at ¶ 13. Eighty Percent (80%) of the NSA shall be allocated to the California Class ("California Class Award"), which is estimated to be at $1,228,000;

(b)   <u>FLSA Class</u>: The class includes all persons who were employed as overtime-exempt insurance adjusters by Defendant in one or more of its Custard branch offices (excluding California) after October 4, 2014. *See* Order Granting Preliminary Approval ("Order"), Dkt. No. 87. There are 776 members of the FLSA Class with a total of 81,042 work weeks during the three-year class-period. Cole Decl. Ex. G, Cofinco Decl., at ¶ 13. Twenty Percent (20%) of the NSA shall be allocated to the FLSA Class ("FLSA Class Award"), which is estimated to be $307,000. [Settlement Agreement, Dkt No. 71-1, pp. 28-31, at ¶ 88].

**B.    THE TERMS OF THE RELEASE**

Upon the Effective Date, the Representative Plaintiffs and participating Class Members shall release and discharge the Released Parties from "from any and all individual and class claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were actually alleged in the Complaints, as well as wage and hour class claims which could have been brought based on the specific factual allegations contained in the Complaints, including, but not limited to, any claims for unpaid wages, unpaid overtime, unpaid minimum wages, deduction(s) from wages, recordkeeping violations, paycheck and/or wage statement violations, meal period and rest period violations, "waiting time" penalties, and failure to reimburse business expenses, unfair business practices, and all civil and/or statutory penalties related to the foregoing, which arose between October 4, 2013 (for the California Class) or October 4, 2014 (for the FLSA Class), and March 12, 2019. [Dkt No. 71-1, Ex, A, at pp. 6-7, 10 & ¶¶ 21, 32].

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    With respect to only those members of the Plaintiff Classes who deposit or cash his/her

2    settlement check, the released claims shall also include those under the Fair Labor Standards Act

3    (FLSA) or ones that could have been asserted under federal law based on the specific facts alleged

4    in the Complaints. [*Id.*, p. 18, at ¶ 69].

5    Indeed, rather than broadly including any conceivable claim, this release language is

6    specifically tethered to the claims actually asserted or which could have been asserted based on

7    the specific factual allegations contained in the complaints. The "Released Parties" means

8    "Defendant and Defendant's present and former parent companies, subsidiaries and affiliates,

9    including Custard Insurance Adjusters, Inc., as well as their shareholders, officers, directors,

10   attorneys, insurers, successors and assigns." [*Id.*, pp. 10, 18-19, 20-21, at ¶¶ 29, 71, and 79].

11

12   **III.    PRELIMINARY APPROVAL, NOTICE AND THE CLASS RESPONSE**

13   On February 20, 2019, Plaintiffs' Motion for Preliminary Approval of this settlement was

14   heard. [Dkt. No. 78]. The Court found the Settlement to be within the range of reasonableness, and

15   entered its Order Granting Preliminary Approval of Class Action Settlement on March 12, 2019.

16   [Dkt. No. 87]. The Court also approved the Notice of Class Action Settlement ("Notice"), pending

17   minor edits, and directed its distribution to Class Members by first-class mail.

18   On April 1, 2019, CPT Group, Inc. (the Claims Administrator) mailed the Notice, Change

19   of Address form, and pre-printed return envelope ("Notice Packet") to 46 California Class

20   Members and 776 FLSA Class Members. Cole Decl. Ex. G, Cofinco Decl., at ¶¶ 7, 13 & Ex. A.

21   The Notice advised Class Members of (1) the pendency of the Class Action, (2) the Settlement

22   terms, (3) the automatic payment of a proportionate share of the Settlement if they did not opt out,

23   (4) the released claims, (5) the *cy pres* provision for any unclaimed funds, (6) their right to submit

24   objections or requests for exclusion and the manner and timing for each, and (7) the date and time

25   for the final approval hearing. Cole Decl. Ex. G, Cofinco Decl., at ¶ 7 & Ex. A.

26   The Notice included the Administrator's toll-free number for Class Members' questions,

27   and a fax number for requests for exclusion, objections, and change of address forms. Cole Decl.

28   Ex. G, Cofinco Decl., at Ex. A.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

To further enhance the notice process, CPT Group also created a Settlement website (http://www.cptgroup.com/CustardInsurance/) to host downloadable documents, including the Notice of Settlement of Class Action Lawsuit, Claim Form, Settlement Agreement, and Order Granting Preliminary Approval. The website provided the dates for any Class Member to opt out, dispute, or object to the Settlement Agreement, as well as the date and time of the final settlement approval hearing. Cole Decl. Ex. G, Cofinco Decl., at Ex. A.

At the close of the deadline to object or request exclusion, through the present, there were no objections submitted by Class Members as to any term of the Settlement, and no Class Members requested to opt out of the Settlement Agreement. Cole Decl. Ex. G, Cofinco Decl., at ¶¶ 10, 12.

## IV.    FINAL APPROVAL OF THE SETTLEMENT SHOULD BE GRANTED

### A.    CLASS SETTLEMENTS ARE SUBJECT TO COURT APPROVAL

"A class action shall not be dismissed, settled, or compromised without the approval of the Court, and notice of the proposed dismissal, Settlement or compromise shall be given as the Court directs." Fed. R. Civ. P. Rule 23(e). A class action Settlement is approved when the district court finds it is fair, adequate and reasonable. Rule 23(e)(1)(C); *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

### B.    CLASS ACTION SETTLEMENT APPROVAL HAS THREE STEPS

Rule 23(e) Settlement approval includes three steps: (1) preliminary approval of the proposed Settlement, (2) dissemination of a notice of the Settlement to the class and (3) a final fairness hearing at which counsel may introduce evidence and argument supporting the fairness, adequacy, and reasonableness of the Settlement, and class members may be heard. *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 473 (E.D. Cal. 2010). This procedure safeguards class members' due process rights and enables the Court to guard class interests. *See* William Rubenstein, Alba Conte & Herbert Newberg, *Newberg on Class Actions* (5th ed. 2014) ("Newberg"), §§ 13:39, et seq.

The first two steps are complete. The first step was completed on March 12, 2019 when the Court entered an Order that preliminarily approved the Settlement. The second step–dissemination of the Class Notice–was completed on April 1, 2019. The third step is the final approval hearing, when the Court determines whether the Settlement is fair, adequate and reasonable.

## C.   THE COURT SHOULD EXERCISE ITS DISCRETION TO APPROVE THIS SETTLEMENT

The decision whether a Settlement is fair, reasonable, and adequate is committed to the Court's sound discretion. *Dunleavy v. Nadler*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1238 (9th Cir. 1998)); *Officers for Justice v. Civil Serv. Comm'n. of the City and County of San Francisco* 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983); *see also* Manual for Complex Litigation, § 21.61, at p. 308 (4th ed. 2004).

Although the Court has discretion to determine whether a proposed class Settlement is fair, the Ninth Circuit has "long deferred to the private consensual decision of the parties." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)). "[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the Settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, *supra*, 688 F.2d at 625. What's more, "in evaluating whether the Settlement is fair and adequate, the Court's function is not to second guess the Settlement's terms." *Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 U.S. Dist. Lexis 49477, *21 (N.D. Cal. Ap. 22, 2010). A "[s]ettlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon v. Chrysler Corp.*, *supra*, 150 F.3d at 1027.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**D.    THE SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE**

The Court's determination of whether a proposed Settlement is fair, adequate and reasonable involves a balancing of factors. These factors may include, among others,

> "the strength of plaintiff's case, the risk, expense, complexity, and the likely duration of further litigation, the risk of maintaining class action status throughout the trial, the amount offered in Settlement, the extent of discovery completed, and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant, and the reaction of the Class Members to the proposed Settlement. This list is not exclusive and different factors may predominate in different factual contexts." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375-76 (9th Cir. 1993) (citation omitted).

Each of the relevant factors supporting this settlement was addressed in the Preliminary Approval Motion and supporting declarations [Dkt. Nos. 71 & 72] and are re-addressed below. Although adjudicating the fairness of the present settlement is hardly a "close-call," it is still worth noting that the law very much favors settlement, particularly in class actions and other complex cases, where substantial resources can be conserved by avoiding the time, cost, and rigors of litigation. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1275 (9th Cir. 1992). Specifically, "[i]n the Ninth Circuit, a court affords a presumption of fairness to a Settlement if: '(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the Settlement are experienced in similar litigation; and (4) only a small fraction of the class objected.'" *Rodriguez v. West Publishing Corp.*, No. CV-05-3222 R(MCx), 2007 U.S. Dist. LEXIS 74849 at 32-33 (C.D. Cal. Sept. 10, 2007) (citation omitted).

**E.    THE SETTLEMENT SATISFIES NINTH CIRCUIT STANDARDS**

At the preliminary approval stage the Court was provided with information satisfying all but the final *Rodriguez* factor. Based on that information, the Court preliminarily found that the "Settlement is preliminarily approved as within the range of reasonableness pursuant to Federal Rule of Civil Procedure 23(e)." [Dkt. No. 87, at p. 1]. The fourth factor, the number of objectors, weighs in favor of this Court's approval since no Class Members pursued objections (and no Class Members opted out). These realities entitle the Settlement to a *presumption* of fairness. Cole Decl. Ex. G, Cofinco Decl., at ¶¶ 10, 12.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1. **Strength of Plaintiffs' Case and the Risk, Expense, Complexity and Likely Duration of Further Litigation Support Final Approval**

While Plaintiffs believe in the merits of their case, they also recognize the inherent risks and uncertainty of litigation, including that Class Members could receive nothing, and understand the benefit of providing a significant settlement sum now. *Inter alia*, the specific risks include: (i) denial of class certification and/or the threat of subsequent decertification, (ii) a factual record less favorable than Class Counsel first thought, (iii) the Court's grant of summary judgment/adjudication, (iv) the need for a unanimous jury, (v) the possibility of an unfavorable, or less favorable, result at trial, (vi) the possibility post-trial motions may result in an unfavorable, or less favorable, result than that obtained at trial, (vii) the possibility of an unfavorable, or less favorable result on appeal, and (viii) the near certainty that each step of the process would be protracted, costly, and deprive Class Members of the benefits and time-value of a certain recovery.

Additional risks as to the California Class include: (i) Defendant's likely argument that the Class's expense reimbursement claims raise individualized issues, citing lack of documentation and variances in expenses, (ii) the possibility this Court might find that California Labor Code Section 203 requires a "willful" failure to pay wages and the difficulties Plaintiffs faced in establishing a common policy of paying wages after they are due, (iii) the relative lack of written evidence for the Class Members' missed meal and/or rest periods, other than their declarations, (iv) that, even if the Court certified the Class, the possibility that it would agree with Defendant's likely argument that employers need only make breaks available and that Defendant had no obligation to ensure that breaks were actually taken (*see Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004 (2012)), (v) Defendant's likely argument that, even if found liable for unpaid wages, meal period violations and/or failure to pay overtime compensation, the Class Members lacked sufficient evidence to legally establish their damages, (vi) Defendant's likely argument that Plaintiffs' estimate of the maximum damages available to the Class was vastly overstated and did not comport with the *actual* damages suffered by Class Members, (vii) Defendant's likely argument that Plaintiffs could not show that there was an "injury" entitling the Class to recovery under California Labor Code section 226, and (viii) the possibility that the Court could have reduced or denied an award of PAGA penalties on the basis that they are arguably

1   discretionary (*see* Cal. Lab. Code § 2699(e)(1)) and (ix) that, due to all this, there is no

2   representative Plaintiff nor representative sample size that could adequately speak for the larger

3   worker population.

4     Before adjusting for these contingencies, Class counsel estimated the maximum potential

5   recovery, including unpaid wages, interest and penalties, for the certified claims to be

6   $31,467,347.85. This included $19,640,987.85 for the California Class, which specifically

7   contemplated daily violations for meal and rest periods, an average of 10 hours per week of unpaid

8   overtime wages, interest and penalties.

9     Also before adjusting for these contingencies, Class counsel estimated the maximum FLSA

10  Class recovery to be $11,826,360.00, which similarly assumed 10 hours of unpaid overtime wages

11  per week and, in accordance with Defendant's representations, only 25% of non-California

12  adjusters being classified as commission-only. Given a host of additional challenges--e.g.,

13  Department of Labor Opinion Letters that speak favorably to the exempt classification of insurance

14  adjusters, a "fluctuating workweek" approach for determining the regular rate of pay and overtime

15  entitlement, an open legal question as to whether overtime exemptions must truly be proven on a

16  per-pay-period basis, whether another (e.g., a "catch-all" ) exemption may apply to Class

17  Members--the FLSA Class recovery could have been substantially further reduced.

18    Regardless, the $2,430,000.00 Settlement Amount, by all accounts, is a great settlement

19  and represents nearly 8% of the highest potential amount Class counsel calculated. The amount of

20  unpaid wages (exclusive of interest and penalties) is $19,452,907.50. This settlement represents

21  almost 12% of that amount.

22    Putting aside the obvious delay of protracted litigation, a potentially unfavorable judgment

23  and the like, the viability of even pursuing an action on a class (and/or collective action) basis has

24  grown increasingly questionable, particularly after the recent Supreme Court opinion in *Epic*

25  *Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018). In short, the *Epic Systems* Court ruled that

26  arbitration agreement requiring individual arbitration are enforceable under the Federal Arbitration

27  Act. While Plaintiffs believed that the respective arbitration agreements they signed allowed them

28  to proceed on a class or collective action basis, there was a tremendous risk that this Court would

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1   rule each plaintiff could only pursue an individual claim in arbitration. *Epic Systems, supra*, 138

2   S. Ct. at 1621-24.[2]

3

4   **2.**   **Stage of Proceedings and Extent of Discovery Support Settlement**

5   As shown by the litigation and discovery histories detailed in the Motion for Preliminary

6   Approval, Dkt. Nos. 71-72, and repeated in the declarations filed in support of this Motion, the

7   parties thoroughly investigated and evaluated the case by engaging in a sufficient and tailored

8   investigation and exchange of information to support the Settlement such that the parties and their

9   very experienced counsel had a clear view of the strengths and weaknesses of their cases sufficient

10  to support the Settlement. *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

11

12  **3.**   **The Experience and Views of Counsel Support Settlement**

13  "'Great weight' is accorded to the recommendation of counsel, who are most closely

14  acquainted with the facts of the underlying litigation…. This is because 'parties represented by

15  competent counsel are better positioned than courts to produce a Settlement that fairly reflects each

16  party's expected outcome in the litigation.'" *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221

17  F.R.D. 523, 528 (C.D. Cal. 2004) (internal citations omitted).

18  As set forth in the declarations filed in support of this motion, the various Class Counsel

19  have significant experience in litigating similar fact patterns and issues germane to the present

20  dispute, obtaining class certification in many wage and hour situations, and obtaining excellent

21  settlement and judgment results in many such cases. *See* accompanying attorney declarations.

22  Similarly, Defendants' counsel, Gordon Rees Scully Mansukhani, LLP are experienced in wage

23  and hour law and class actions. Experienced counsel, operating at arm's-length, have weighed the

24  ─────────────────

25  [2] Whether Defendant would have ultimately prevailed in contending *Epic Systems* foreclosed the certification of a class here isn't the point; Class Counsel's good judgment required the consideration of the *possibility* that Defendant would win the day. And it required

26  consideration of the *trajectory* on which the judiciary may be headed regarding its treatment of class actions. Indeed, that strict enforcement of arbitration agreements might be on an uptick

27  weighed heavily in Class Counsel's decision to settle. Indeed, recent opinions such as the U.S. Supreme Court's holding in *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019) (holding

28  ambiguous language in arbitration agreement does not provide adequate contractual basis for compelling class arbitration) strongly suggest that Class Counsel chose wisely.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    strengths of the case and examined all the issues and risks of litigation and endorsed the proposed

2    Settlement. The view of the attorneys actively conducting the litigation "is entitled to significant

3    weight" in deciding whether to approve the Settlement. *Fisher Bros. v. Cambridge Lee Industries,*

4    *Inc.* 630 F. Supp. 482, 488 (E.D. Pa. 1985); *Ellis v. Naval Air Rework Facility,* 87 F.R.D. 15, 18

5    (N.D. Cal. 1980), *aff'd,* 661 F.2d 939 (9th Cir. 1981)."

6         The recommendations of plaintiffs' counsel should be given a presumption of

7    reasonableness." *In re Omnivision Technologies, Inc.*, 559 F. Supp.2d 1036, 1043 (N.D. Cal. 2007)

8    (citing *Boyd v. Bechtel Corp., supra,* 485 F. Supp. at 622). Having prosecuted numerous wage and

9    hour class action cases, Class Counsel are experienced and qualified to evaluate the Class claims

10   and to evaluate the risks and potential outcome of further litigation and the propriety of Settlement

11   on a fully-informed basis. Cole Decl., at ¶¶ 24-28 & Ex. B; Declaration of Larry A. Sackey

12   ("Sackey Decl."), at ¶¶ 2-3 & Ex. 1; Declaration of Michael G. Dawson ("Dawson Decl."), at ¶¶

13   2-4; Declaration of Greg K. Hafif ("Hafif Decl.") ¶¶ 6-12; Declaration of Matthew J. Matern

14   ("Matern Decl.") ¶¶ 5-16. Indeed, the attorneys on both sides view this as a fair and reasonable

15   Settlement in light of the complexities of the case, the state of the law, and the uncertainties in the

16   outcome of litigation.

17        The opinions of counsel are further based on an assessment of the risks of proceeding with

18   the litigation through trial and, if a verdict was recovered, through appeal, as compared to the value

19   of a settlement at this time. Given the risks inherent in litigation and the defenses asserted, this

20   Settlement is fair, adequate, reasonable, and in the best interests of the Class, and should receive

21   final approval. Cole Decl., at ¶¶ 16-18.

22        **4.    Lack of Objection and Class' Reaction Supports Final Approval**

23        The deadline to postmark an opt-out request or an objection has long-since expired with no

24   objections being received by the Claims Administrator, by counsel for the parties, or filed with the

25   Court. Further, no Class Members timely opted out. Cole Decl. Ex. G, Cofinco Decl., at ¶¶ 10, 12.

26   The absence of objections supports a strong presumption of fairness and that the Settlement is

27   adequate and reasonable. *Martin v. AmeriPride Servcs.*, No. 08cv440–MMA (JMA), 2011 WL

28   2313604, at *7 (S.D. Cal. June 9, 2011); *see also In re: Omnivision Techs.*, 559 F.Supp.2d, 1036,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    1043 (N.D. Cal. 2007), ("By any standard, the lack of objection of the Class Members favors

2    approval of the Settlement.").

3     The lack of objections provides persuasive evidence of its reasonableness. *Boyd v. Bechtel*

4    *Corp.*, *supra*, 485 F. Supp. at 624. The Class has overwhelmingly embraced and approved the

5    proposed Settlement, which will pay 46 California Class Members $236.38 for each for each week

6    worked during the Class Period, paying on average $27,328.31 per California Class Member. Cole

7    Decl. Ex. G, Cofinco Decl., at ¶ 13. The Settlement will also pay 776 FLSA Class Members $3.82

8    for each for each week worked during the Class Period, paying on average $1,997.10 per FLSA

9    Class Member. Cole Decl. Ex. G, Cofinco Decl., at ¶ 13. Given the varied risks detailed in this

10   Motion, Class Counsel believe this result is in the best interest of Class Members, respectfully

11   requests the Court find the proposed Settlement to be fair, adequate and reasonable and asks that

12   it grant final approval and enter final judgment accordingly.

13   **V.    THE COURT SHOULD APPROVE THE REQUESTED ATTORNEYS' FEES**

14     **AND COSTS, REPRESENTATIVE SERVICE PAYMENTS, AND**
       **ADMINISTRATION FEES**

15    **A.    THE PREVIOUSLY-FILED MOTION FOR ATTORNEYS' FEES AND**

16      **COSTS SHOULD BE APPROVED**

17    On May 1, 2019, the respective plaintiffs' counsel filed a Motion for Attorney's Fees and

18   Costs. [Dkt No. 89] The motion is incorporated herein by reference. Therein, plaintiffs' counsel

19   collectively sought and provided supporting evidence for $810,000 in attorney's fees (i.e., 33.3%

20   of the GSA) and $15,000 in costs. Since then, much additional work has been done, including

21   communicating with Class Members who had questions about the Settlement, communicating with

22   the Claims Administrator, drafting this Motion and the accompanying papers, etc. In light of those

23   efforts, and the continuing efforts Class Counsel will make to prepare for and attend the hearing

24   hereon, watching over the settlement fund distribution process, and fielding calls from Class

25   Members well into in the future, the Court should approve the attorneys' fee and costs requests.

26    **B.    CLASS REPRESENTATIVE SERVICE PAYMENTS ARE REASONABLE**

27    A district court may award service payments to named plaintiffs in class actions. *Rodriguez*

28   *v. West Publ'g Corp.*, *supra*, 563 F.3d at 958-59. The purpose of service payments is to

1      "compensate class representatives for work done on behalf of the class, to make up for financial

2  or reputational risk undertaking in bringing the action, and sometimes, to recognize their

3  willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958-59.

4      In evaluating the reasonableness of a requested award, courts should consider factors such

5  as "the actions the plaintiff has taken to protect the interests of the class, the degree to which the

6  class has benefitted from those actions, [and] the amount of time and effort the plaintiff expended

7  in pursuing the litigation." *Staton v. Boeing Co., supra*, 327 F.3d at 977 (internal punctuation and

8  citation omitted). Additionally, courts focus on the number of class representatives, the average

9  incentive award permitted by courts, and the proportion of the entire settlement that is spent on the

10 incentive award. *See In re Online DVD-Rental Antitrust Litigation*, 779 F.3d at 947-48 (9th Cir

11 2015).

12     Class Counsel requests the modest sums of $7,500 each for Plaintiffs Wadler, Springer,

13 Willis, Tyner and Abgaryan, and $2,500 for Plaintiff Paiva (for a total sum of $40,000) for their

14 commitment to prosecuting this Action, their efforts and the risks undertaken for the payment of

15 attorneys' fees and costs if the Action had been lost, the execution of general releases of all claims

16 arising from their employment, the stigma upon and risks in not securing future employment

17 opportunities due to having sued a former employer, as well as their efforts toward securing

18 substantial recoveries for Class Members, and serving as a catalyst for Custard to change its

19 employment practices for the betterment of future workforces. *See* Cole Decl., at ¶¶ 19-23 & Ex.

20 F, Declaration of Keith Tyner; Sackey Decl., at ¶¶ 21-25; Declaration of Armen Abgaryan;

21 Declaration of Perry Wadler; Declaration of Gerald Springer; Declaration of Troy Willis;

22 Declaration of Ray Paiva.

23     The service payments requested are also reasonable since they are comparable to awards

24 approved by this and other district Courts. *See, e.g., Tumampos v. Cathay Pac. Airways LTD.*, No.

25 16-CV-06208, 2018 WL 5603702, at *8 (N.D. Cal. Sept. 21, 2018) (final approval of $7,500 and

26 $10,000 for service representative payments); *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-

27 02617-LHK, 2018 WL 3960068, at *31 (N.D. Cal. Aug. 17, 2018); *Johnson v. Fujitsu Tech. &*

28 *Bus. of Am., Inc.*, No. 16-CV-03698-NC, 2018 WL 2183253, at *8 (N.D. Cal. May 11, 2018) (for

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    eight named plaintiffs, court found "that $7,500 is reasonable and appropriate compensation for

2    the work and risk undertaken by spearheading this litigation as class representatives."); *Allagas v.*

3    *BP Solar Int'l, Inc.*, No. 314CV00560SIEDL, 2016 WL 9114162, at *4 (N.D. Cal. Dec. 22, 2016)

4    (authorizing final award of $7,500 each for three plaintiffs and $3,500 for another plaintiff); *Brown*

5    *v. Hain Celestial Grp., Inc.*, No. 3:11-CV-03082-LB, 2016 WL 631880, at *9 (N.D. Cal. Feb. 17,

6    2016) (approving $7,500 service awards for two plaintiffs); *Deaver v. Compass Bank*, No. 13-CV-

7    00222-JSC, 2015 WL 8526982, at *15 (N.D. Cal. Dec. 11, 2015) (final award of $7,500 for service

8    payment); *Jacobs v. California State Auto. Ass'n Inter-Ins. Bureau*, No. C 07-00362 MHP, 2009

9    WL 3562871, at *5 (N.D. Cal, Oct. 27, 2009) (same).

10    Here, the total service awards ($40,000) are approximately 1.64% of the GSA

11    ($2,430,000)--a reasonable ratio. *See Rhom v. Thumbtack, Inc.*, No. 16-CV-02008-HSG, 2017 WL

12    4642409, at *8 (N.D. Cal. Oct. 17, 2017) (approving service awards "which equal[] approximately

13    1–2% of the total settlement fund, which is consistent with other court-approved enhancements.");

14    *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *31 (N.D.

15    Cal. Aug. 17, 2018) (awarding service payments of $7,500 for 29 plaintiffs where service awards

16    represented 0.5% percent, but of a vastly larger settlement and settlement class than here).

17    The requested service payments are justified, fair and reasonable, particularly in light of

18    the substantial settlement Payments to Class Members. Defendant also does not oppose the

19    Payments (despite the message it could send to other workers) and there is no opposition by any

20    Class Member, all of which further supports the payments' reasonableness.

21    **C.    THE ADMINISTRATION EXPENSES ARE REASONABLE**

22    Class Counsel also seeks payment of $19,000 to CPT Group, the appointed Claims

23    Administrator. Cole Decl. Ex. G, Cofinco Decl., at ¶ 14. CPT Group has administered, and will

24    continue to administer, the Settlement following final approval, by calculating settlement payment

25    awards, printing and mailing settlement checks, reporting taxes to the appropriate agencies, and

26    responding to inquiries. The requested amount is fair and reasonable and should be awarded.

27    **VI.    THE CALIFORNIA-FLSA CLASS ALLOCATION IS FAIR AND REASONABLE**

28    The 80/20 ratio allocated between the California Class and FLSA Class, respectively, is

1    fair and reasonable due to the nature of procedures, limitations period, and remedies available

2    under the two different statutory schemes.

3         First of note, the FLSA generally guarantees a minimum wage for every hour of work and

4    overtime compensation of one and one-half the employee's regular rate of pay for all hours worked

5    in excess of forty in a workweek, notwithstanding any exemptions. 29 U.S.C. §§206, 207. *See,*

6    *e.g., Monahan v. County of Chesterfield*, 95 F.3d 1263, 1270 (4th Cir. 1996) ("[Employees] have

7    been properly compensated under FLSA when, for any work period during which they have

8    performed less than the applicable maximum hours standard, they have received at least the

9    minimum wage... for all hours worked.") (citations omitted); and *Hensley v. MacMillan Bloedel*

10   *Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986) (holding that an employer does not violate the

11   FLSA if the total weekly wage paid equals or exceeds that product of the number of hours worked

12   and the statutory minimum hourly wage). By contrast, in California, payment of overtime

13   compensation is required when an employee works in excess of eight hours in a day, *even if* the

14   employee does not work in excess of forty hours in a week. Cal. Lab. Code §510. This provide

15   substantially more opportunities for overtime entitlement among the California Classes.

16        Second, the limitations period under the FLSA is two years from the time a Consent to Join

17   the action is filed, or three years if the plaintiff can show that the violation was "willful." 29 U.S.C.

18   § 255. In addition, the limitations period under the FLSA is measured for each plaintiff from the

19   date that particular plaintiff files his or her Consent to Join/Opt-In form (and, in many cases, the

20   number of Consents/Opt-Ins filed are few). As such, if a workers failed to file his Consent to Join

21   until several months into a case, he could expect to lose several months of potential back pay and

22   liquidated damages. *See Cahill v. City of Brunswick*, 99 F. Supp.2d 464, 479 (D.N.J. 2000) ("Until

23   the non-named plaintiff[s] file the prerequisite written consents with this court, they are not

24   considered joined to a collective action and the statute of limitations on their claims is not tolled.");

25   *Cash v. Conn Appliances, Inc.*, 2 F.Supp.2d 884, 887 (E.D. Tex. 1997) ("When a collective action

26   is instituted, the limitations period for the employee continues to run until she consents in writing

27   to become a party plaintiff.").

28        For the recovery of wages, California's more inclusive limitations period under its Unfair

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  Competition Law (UCL) is four years. *See* Cal. Bus. & Prof. Code §17208; *see also Cortez v.*

2  *Purolator Air Filtration Prods. Co.*, 23 Cal.4th 163, 179-80 (2000). In a class action context, the

3  limitations period on an absent class member's claim is generally considered tolled by the filing

4  of the class action. These are important distinctions in support of the 80/20 ratio allocated between

5  the California Class and FLSA Class here.

6  And the claims and remedies available under the FLSA and California's wage-and-hour

7  laws are quite different. Under the FLSA, a prevailing plaintiff is entitled, at best, to back pay,

8  liquidated damages in an amount equal to the back pay, and reasonable attorneys' fees and costs.

9  29 U.S.C. §216(b). A defendant may also assert a "good faith/reasonable grounds" affirmative

10  defense to the liquidated damages. *Id.* §260. As a general rule, interest is not available under the

11  FLSA. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 714-16 (1945) (holding prejudgment

12  interest is unavailable in FLSA claims since prejudgment interest serves the same goal as

13  liquidated damages—i.e., compensating the plaintiff for the lost time value of his wages).

14  California allows for back pay, interest, penalties, and reasonable attorney's fees and costs.

15  Cal. Lab. Code § 1194. Thus, California Class Members are entitled to interest and penalties,

16  whereas the FLSA Class Members may not if the defendant has a good faith/reasonable belief

17  defense. California also provide benefits for, *inter alia*, meal breaks and rest breaks that federal

18  statutes simply do not. In light of these various distinctions, the 80/20 ratio is fair and reasonable.

19

20

21  **VII.    CONCLUSION**

22  Plaintiffs' Class Counsel respectfully requests that the Court grant final approval of the

23  proposed Settlement, and award the Class Representative Service Payments, Class Counsels'

24  attorneys' fees and litigation expenses (as separately requested), the Administrator's expenses, and

25  to distribute the Net Settlement Amount in the requested amounts.

26

27  Dated: June 19, 2019

28  **SCOTT COLE & ASSOCIATES, APC**

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1

By:    /s/ Scott Edward Cole, Esq.
       Scott Edward Cole, Esq.
       Attorneys for Class Representative Keith
       Tyner and Class Members

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Final Settlement Approval