UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPRINGER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CUSTARD INSURANCE ADJUSTERS, INC.,<br><br>Defendant. | Case No. 17-cv-05840-WHO<br><br>**ORDER ON MOTION FOR FINAL APPROVAL AND AWARD OF FEES**<br><br>Re: Dkt. Nos. 89, 90<br>**Related Cases**:<br>Case No.: 18-cv-02768-WHO<br>Case No.: 18-cv-04670-WHO<br>Case No.: 18-cv-05487-WHO |

Plaintiffs' motion for final approval and motion for an award of attorney fees and expenses was heard on July 17, 2019 in these four related cases: *Wadler et al v. Custard Insurance Adjusters, Inc.*, Case No. 17-cv-5840; *Wadler v. Custard Insurance Adjusters, Inc.*, Case No. 18-cv-2768; *Paiva v. Custard Insurance Adjusters, Inc.*, Case. No. 18-4670; and *Armen Abgaryan v. Custard Insurance Adjusters, Inc.*, Case No. 18-5487.

Scott Cole & Associates, APC, Law Offices of Herbert Hafif, P.C., Law Office of Larry A. Sackey, and Matern Law Group, PC appeared as counsel for Representative Plaintiffs, individually and on behalf of the Plaintiff Class, and Gordon & Rees Scully Mansukhani, LLP appearing as counsel for Custard Insurance Adjusters, Inc. ("Defendant"). Having carefully considered the briefs, argument of counsel and all matters presented, and good cause appearing, I hereby GRANT Plaintiffs' Motion for Final Approval of Class Action Settlement and award attorney fees and expenses as follows.

## I.
## FINDINGS

Based on the oral and written argument and evidence presented in connection with the motion, I find as follows:

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation pending before the United States District Court, Northern District of California, entitled *Wadler, et al. v. Custard Insurance Adjusters, Inc.*, the related cases, and over all Parties to this litigation, including the Settlement Classes.

**Preliminary Approval of the Settlement**

3. On March 12, 2019, I granted preliminary approval of a class-wide settlement. At this same time, the Court approved certification of a provisional Settlement Class for settlement purposes only.

**Notice to Plaintiffs**

4. In compliance with the Preliminary Approval Order, the Class Notice Package was mailed by first class mail to the Plaintiff Class members at their last known addresses on or about April 1, 2019. Mailing of the Class Notice and Claim Form to their last known addresses was the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the litigation and the proposed settlement to the Plaintiff Classes.

5. According to the Claims Administrator, there are seven-hundred and seventy-six (776) members of the Settlement Class who will receive an Individual Settlement Payment. The deadline for opting out or objecting is May 31, 2019. There was an adequate interval between notice and the deadline to permit Plaintiff Class Members to choose what to do and act on their decision. No Plaintiff Class Members opted out, and no Plaintiff Class Members objected.

**Fairness of Settlement**

6. Plaintiffs' investigation and discovery have been sufficient to allow the court and counsel to act intelligently. Counsel for both parties are experienced in similar employment class action litigation. All counsel recommended approval of the Agreement. There were no objections or requests for exclusion. The consideration to be given to the Settlement Class Members under the terms of the Settlement Agreement is fair, reasonable, and adequate considering the strengths and weaknesses of the claims asserted in this action and is fair, reasonable, and adequate compensation for the release of Settlement Class Members' claims, given the uncertainties and

2

risks of the litigation and the delays which would ensue from continued prosecution of the action.

7. The proposed Settlement Agreement is approved as fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

**Enhancement Awards**

8. The Settlement Agreement provides for Enhancement Awards of up to $7,500 each for Representative Plaintiffs Keith Tyner, Armen Abgaryan, Perry Wadler, Gerald Springer, and Troy Willis, and $2,500 for Representative Plaintiff Ray Paiva, subject to the Court's approval. I find these Enhancement Awards to be reasonable in light of the risks and burdens undertaken by the Representative Plaintiffs in this Action, for their time and effort in bringing and prosecuting this matter on behalf of the Plaintiff Classes, and for the broader releases they are providing to Defendant.

**Cost of Settlement Administration**

9. The Settlement Agreement provides for payment of settlement administration expenses from the Gross Settlement Fund. The Settlement Administrator has $19,000 in settlement administration expenses. The amount of this payment is reasonable in light of the work performed by the Settlement Administrator and shall be awarded thereto.

**PAGA Payment**

10. The Agreement provides for a PAGA payment of $15,000, from which $11,250 shall be allocated and delivered to the California Labor and Workforce Development Agency ("LWDA"). The remaining $3,750 will be distributed to the Settlement Classes.

**Attorney Fees and Expenses**

11. Plaintiffs counsel sought an award of 33 1/3% of the Gross Settlement Fund ($810,000). They justified seeking that award based on the good recovery secured and as their lodestar was at or slightly exceeded that amount. However, I find that a benchmark award of 25% of the Gross Settlement Fund is more appropriate, given the relatively early stage at which this litigation settled and the work done by counsel. In addition, using the lodestar cross-check and reviewing the bills submitted by the firms, I saw a significant amount of duplication and redundancy that unreasonably inflated the lodestar.

12. Plaintiffs counsel seek an award of $15,000 to cover their expenses in litigating these related cases. I have reviewed the bills submitted and find it appropriate to award $15,000 for the expenses incurred (which slightly exceed that amount).

## **II.**
## **ORDERS**

Based on the foregoing findings, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Settlement Classes are certified for the purposes of settlement only. The Settlement Classes are hereby defined to include:

**California Class**

All persons who were employed as overtime-exempt insurance adjusters by Custard Insurance Adjusters, Inc. in one or more of its Custard branch office locations in California at any time on or after October 4, 2013.

**FLSA Class**

All persons who were employed as overtime-exempt insurance adjusters by Custard Insurance Adjusters, Inc. in one or more of its Custard branch office locations in the United States at any time on or after October 4, 2014.

2. All persons who meet the foregoing California Class definition are members of the California Settlement Class.

3. All persons who meet the foregoing FLSA Class definition who cash their Individual Settlement Payment checks will thereby opt-in to the FLSA Settlement Class and release their FLSA Class Claims.

4. The Settlement Agreement is hereby finally approved as fair, reasonable, adequate, and in the best interest of the Settlement Classes.

5. The payment of Enhancement Awards in the amount of $7,500 each for Representative Plaintiffs Keith Tyner, Armen Abgaryan, Perry Wadler, Gerald Springer, and Troy Willis, and $2,500 for Representative Plaintiff Ray Paiva, is hereby approved.

6. The payment of $19,000 to the Settlement Administrator for settlement administration services is approved and the PAGA payment of $11,250 (i.e., 3/4 of $15,000) is approved.

7.	Class Counsel are awarded attorneys' fees in the amount of $607,500.

8.	Class Counsel are reimbursed litigation costs in the amount of $15,000.

9.	Class Counsel shall not seek or obtain any other compensation or reimbursement from Defendant, Plaintiffs, or members of the Settlement Classes.

10.	A Final Judgment in this action shall be entered. The Final Judgment shall bind each Settlement Class Member. The Final Judgment shall operate as a full release and discharge of the Released Claims against the Released Parties. All rights to appeal the Final Judgment have been waived. The Final Judgment and Final Approval Order shall have *res judicata* effect and bar all Settlement Class members from bringing any action asserting Settlement Class Members' released claims under the Settlement Agreement.

11.	Notice of entry of this Final Approval Order and the ensuing Final Judgment shall be given to Class Counsel on behalf of Plaintiffs and all Settlement Class Members. It shall not be necessary to send notice of entry of this Final Approval Order or the ensuing Final Judgment to individual Settlement Class Members. The time for any appeal shall run from service of notice of entry of the Final Approval Order and Final Judgment, by Class Counsel on Defendant.

12.	After entry of Final Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Agreement, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

13.	In the event the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, or is terminated, cancelled or fails to become effective for any reason, then this Final Approval Order, the Final Judgment, and all orders entered in connection herewith shall be rendered null and void and shall be vacated.

**IT IS SO ORDERED.**

Dated: July 22, 2019

William H. Orrick
United States District Judge